## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| SWISSDIGITAL USA CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-MC-62358-RAR |
| | ) | |
| v. | ) | |
| | ) | |
| WENGER, S.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE TO PETITIONER'S MEMORANDUM OF LAW
## <u>REGARDING EXCEPTIONAL CIRCUMSTANCES</u>

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.     The Issuing Court Has Already Ruled on the Disputed Discovery at Issue in Group III's Motion to Quash, Warranting Transfer of the Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.    Although Group III's Judicial Estoppel Argument Lacks Merit, the Issuing Court is in the Best Position to Resolve the Issue Group III Raises. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

III.   The Interests of Judicial Consistency, Efficiency, and Economy Outweigh Group III's Minimal Interest in Local Resolution of its Motion to Quash. . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Alvarez v. Royal Atl. Devs., Inc.*, 854 F. Supp. 2d 1219 (S.D. Fla. 2011). . . . . . . . . . . . . . . . . 7

*Dispatch Printing Co. v. Zuckerman*, No. 16-cv-80037-BLOOM/Valle,
    2016 U.S. Dist. LEXIS 10184 (S.D. Fla. Jan. 27, 2016). . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Hoog v. PetroQuest, LLC*, 338 F.R.D. 515 (S.D. Fla. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*NGM Ins. Co. v. Bexar Cnty.*, 211 F. Supp. 3d 923 (W.D. Tex. 2016). . . . . . . . . . . . . . . . . . . . .7

*Nvision Biomedical Techs., LLC v. Jalex Med., LLC*, CIVIL NO. SA-15-CA-284-RP,
    2015 U.S. Dist. LEXIS 189668 (W.D. Tex. Dec. 23, 2015). . . . . . . . . . . . . . . . . . . . . . . .5

*Smith W. Tex. Props., Ltd. V. Allied Prop. & Cas. Ins. Co.*, MO:18-CV-137-DC,
    2020 U.S. Dist. LEXIS 204791 (W.D. Tex. Aug. 20, 2020). . . . . . . . . . . . . . . . . . . . . . . 5


**Rule**

Fed. R. Civ. P. 34. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 45. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Fed. R. Civ. P. 45(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff") submits this Response to the Memorandum of Law (Dkt. No. 13) filed by Group III International, Inc. ("Group III" or "Petitioner"). Group III seeks to quash a Subpoena (Dkt. No. 1-9) issued by the U.S. District Court for the Western District of Texas (the "Issuing Court") in the related matter *Swissdigital USA Co., Ltd. v. Wenger S.A.*, Case No. 6:21-cv-00453-ADA-DTG (W.D. Tex.) (the "Texas Case"). Pursuant to Federal Rule of Civil Procedure 45(f), Swissdigital respectfully requests that the Court transfer Group III's Motion to Quash (Dkt. No. 1) to the Issuing Court as exceptional circumstances warrant transfer.

## PRELIMINARY STATEMENT

Group III seeks to withhold discovery relevant to the Texas Case. To that end, Group III has failed to comply with Swissdigital's Subpoena and has refused to produce requested information to Defendant Wenger S.A. ("Wenger" or "Defendant"), Group III's licensor. The Issuing Court has ruled that Swissdigital is entitled to the discovery it now seeks and that Wenger must obtain this information by invoking the terms of the License Agreement by and between Wenger Licensing S.A. and Group III International, Inc., dated September 22, 2014 (the "License Agreement").[1] Even so, the Issuing Court advised Swissdigital to maintain its Subpoena—despite Wenger's obligation to obtain and Group III's obligation to provide—pending the resolution of this discovery dispute.[2]

---

[1] Wenger produced the License Agreement in the Texas Case pursuant to a protective order. The License Agreement is marked "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." Despite its relevance to the present issue and Group III's Motion to Quash, Group III has not produced the License Agreement to this Court.

[2] A transcript of the November 29, 2022, sealed discovery hearing, during which Judge Gilliand advised Swissdigital to maintain its Subpoena, has been requested but is not yet available. *See* Texas Case Docket (Dkt. No. 13-1) 7. But even if the transcript was available, it contains highly confidential information subject to the protective order in the Texas Case.

Under these exceptional circumstances, a ruling by this Court on Group III's Motion to Quash risks undermining the Issuing Court's order and frustrating its ongoing management of the Texas Case.  Moreover, the Issuing Court, which has presided over all aspects of the Texas Case, is in the best position to address the specific issues Group III raises and resolve this discovery dispute.  The Court should therefore transfer Group III's Motion to Quash to the Issuing Court.

### FACTUAL BACKGROUND

Swissdigital served Interrogatories and Requests for Production on Wenger, seeking, among other things, identification of all products sold under Wenger's Trademarks that include a USB port feature (Interrogatory No. 13), samples of the accused products (Requests Nos. 9–11), documents and communications concerning said products (Requests Nos. 12–17, 22), and financial information related to their sale (Request No. 18) (collectively, the "Disputed Discovery").  Def.'s Resps. & Objs. to Pl.'s Interrogs. (**Ex. A**) 15–16; Def.'s Resps. & Objs. to Pl.'s Reqs. Produc. (**Ex. B**) 10–18, 20–21.  Wenger claimed that the Disputed Discovery was not in its possession, custody, or control and asserted that the Disputed Discovery should be obtained directly from Group III, Wenger's licensee.  *Id.*

On November 22, 2022, in response to Wenger's objections, Swissdigital served its Subpoena on Group III, seeking the Disputed Discovery.  *See* Subpoena (Dkt. No. 1-9).  Swissdigital also requested that the Issuing Court intervene in the parties' discovery dispute, arguing that the Disputed Discovery in Group III's possession is in Wenger's possession, custody, or control as evidenced by the License Agreement.  Magistrate Judge Gilliland held a hearing to resolve the dispute and, after considering the parties arguments and reviewing the License Agreement, issued an oral order, which was later memorialized as follows:

> As to Issue Nos. 1–6, relating to documents and things responsive to Plaintiff's Request for Production Nos. 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 22, the Court

2

> **GRANTS** Plaintiff's requests and **ORDERS** Defendant Wenger to request documents and things from Group III pursuant to the License Agreement between Wenger and Group III.  By December 1, 2022, Plaintiff shall provide Defendant with a list of specific items that Defendant is to request from Group III.  Within two business days of receiving that list, the Court **ORDERS** Defendant to request such items form Group III.  Defendant MUST provide to Plaintiff all materials produced to Defendant by Group III in response to Plaintiff's list.

Order Disc. Dispute (Dkt. No. 13-2) 1.  Judge Gilliland also found that "Interrogatory 13 is a proper contention interrogatory" and ordered Wenger "to identify, within its knowledge, all products sold under Defendant's Trademarks that have USB ports." *Id.* 2.  In light of the Issuing Court's order, Swissdigital offered to withdraw its Subpoena ***but was advised by Judge Gilliland to maintain the Subpoena until the Disputed Discovery is obtained***.

Pursuant to the Issuing Court's order, Wenger submitted a letter to Group III referencing specific sections of the License Agreement and requesting the Disputed Discovery.  Def.'s Letter (**Ex. C**).  On December 15, 2022, two days after the stipulated deadline to respond, *see* Email Chain (**Ex. D**), Group III filed an untimely motion in the Southern District of Florida seeking to quash Swissdigital's Subpoena.[3]  Mot. Quash (Dkt. No. 1).  The following day, Group III responded to Wenger, disputed the terms of the License Agreement, and indicated that it would not comply with Wenger's requests.  Pet'r's Letter (**Ex. E**).

## LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure "requires subpoena-related motions to be filed in the district where compliance with the subpoena is required." *Hoog v. PetroQuest, LLC,*

---

[3] Group III incorrectly identifies January 6, 2023 as the deadline to respond and claims that "the parties agreed to an extension of time for Group III to respond." Pet'r's Mem. (Dkt. No. 13) 1. But Swissdigital and Group III never reached an agreement; Swissdigital offered an extension for the response ***only if*** Group III agreed to produce a representative witness for four hours. *See* Email Chain (Ex. D).  While Group III initially appeared to agree to the quid pro quo, it quickly and without reason reneged.  Group III refused to produce a representative witness and filed its untimely Motion to Quash. *See id.*; Mot. Quash (Dkt. No. 1).

338 F.R.D. 515, 517 (S.D. Fla. 2021); *see* Fed. R. Civ. P. 45.  But the court where compliance is required may transfer a subpoena-related motion to the issuing court "if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).  "[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion."  Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment.  When addressing subpoena-related motions, courts "may find it helpful to consult with the judge in the issuing court presiding over the underlying case."  *Id.*

## ARGUMENT

Exceptional circumstances warrant the transfer of Group III's Motion to Quash to the Issuing Court.  Judge Gilliland has already ruled on several issues now raised by Group III, including whether the Disputed Discovery is in the possession, custody, or control of Wenger and whether Group III is required to produce the Disputed Discovery to Wenger pursuant to their License Agreement.  Likewise, Judge Gilliland's order granting Swissdigital's requests demonstrates that, contrary to Group III's main argument, Swissdigital is not judicially estopped from seeking the Disputed Discovery.  And even if that issue was yet unresolved, Judge Gilliland, who has presided over all aspects of the Texas Case and wrote the Motion to Transfer Venue opinion now central to Group III's estoppel argument, would be in the best position to determine the effects of Swissdigital's prior representations to the Issuing Court.  Lastly, the interests of judicial consistency, efficiency, and economy outweigh Group III's minimal interest in local resolution of its untimely Motion to Quash.

**I.     The Issuing Court has Already Ruled on the Disputed Discovery at Issue in Group III's Motion to Quash, Warranting Transfer of the Motion.**

This Court should transfer Group III's Motion to Quash because the Issuing Court has already ruled on pertinent issues relating to the Disputed Discovery Group III now seeks to

4

withhold.  Specifically, Judge Gilliland has ruled on whether information Group III possesses is in Wenger's possession, custody, or control such that Wenger has a duty to produce said information under Rule 34 of the Federal Rules of Civil Procedure.

In the Fifth Circuit, "Rule 34 is broadly construed and documents within a party's control are subject to discovery, even if owned by a nonparty." *Nvision Biomedical Techs., LLC v. Jalex Med., LLC*, CIVIL NO. SA-15-CA-284-RP, 2015 U.S. Dist. LEXIS 189668, at *34 (W.D. Tex. Dec. 23, 2015).  "Documents are deemed to be within the possession, custody or control of a responding party if that party either has actual possession, custody or control of the documents or if that party has the ***legal right*** to obtain the documents on demand or has the ***practical ability*** to obtain the documents from a non-party to the action." *Smith W. Tex. Props., Ltd. V. Allied Prop. & Cas. Ins. Co.*, MO:18-CV-137-DC, 2020 U.S. Dist. LEXIS 204791, at *9–10 (W.D. Tex. Aug. 20, 2020) (emphasis added and internal quotations omitted).

Swissdigital argued that the License Agreement evidences Wenger's possession of the Disputed Discovery, as the terms of the License Agreement mandate that Group III provide such information to Wenger.  If Wenger failed to maintain the information Group III is required to provide, the terms of the License Agreement establish Wenger's legal right to now obtain the Disputed Discovery from Group III.  Furthermore, Wenger has the practical ability to obtain the Disputed Discovery from Group III given their licensor-licensee relationship and Group III's history of cooperation with Wenger in the Texas Case.  *See, e.g.*, Pulichino Decl. (**Ex. F**).

Knowing that Group III is obligated under the License Agreement to provide the Disputed Discovery, Judge Gilliland ordered Wenger to invoke the agreement's terms and request the Disputed Discovery from Group III.  But Group III now disputes its obligations under the License Agreement and refuses to provide Wenger with the Disputed Discovery.  Pet'r's Letter (Ex. E).

Without producing the License Agreement to this Court, Group III claims that it "ha[d] the ability to, and exercised its right to, deny Wenger's document requests under the License Agreement." Pet'r's Mem. (Dkt. No. 13) 5.  Judge Gilliland, who has reviewed the terms of the License Agreement, is in the best position to resolve this dispute between Wenger and Group III.

While this dispute between Wenger and Group III is ongoing, any ruling on Group III's Motion to Quash risks undermining Judge Gilliland's order and frustrating his ongoing case management.  Indeed, Judge Gilliland advised Swissdigital to continue pursuing its Subpoena until the Disputed Discovery is obtained.  As such, these exceptional circumstances warrant transfer of Group III's Motion to Quash to the Issuing Court.

## II. Although Group III's Judicial Estoppel Argument Lacks Merit, the Issuing Court is in the Best Position to Resolve the Issue Group III Raises.

Group III's main argument supporting its Motion to Quash is that "Swissdigital should be judicially estopped . . . from seeking any discovery from Group III" because of the "express representations and commitments" Swissdigital made in response to Wenger's earlier Motion to Transfer Venue.  Mot. Quash (Dkt. No. 1) 7; *see id.* 3–10.  But Judge Gilliland, who presided over the venue dispute, determined that Swissdigital was entitled to the Disputed Discovery and ordered Wenger to obtain it by invoking the License Agreement—demonstrating that Swissdigital is ***not*** estopped.  *See* Order Disc. Dispute. (Dkt. No. 13-2).  And although Group III's judicial estoppel argument lacks merit, Judge Gilliland, to whom Swissdigital's previous representations were made, would be in the best position to determine whether Swissdigital's present position is inconsistent.

Under the doctrine of judicial estoppel, a party may not assume a position contrary to one maintained successfully in a prior proceeding.  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 94 (2013).

In the Eleventh Circuit, courts consider the following factors when determining whether a party is judicially estopped:

> (1) whether the present position is "clearly inconsistent" with the earlier position; (2) whether the party succeeded in persuading a tribunal to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding creates the perception that either court was misled; and (3) whether the party advancing the inconsistent position would derive an unfair advantage on the opposing party.

*Alvarez v. Royal Atl. Devs., Inc.*, 854 F. Supp. 2d 1219, 1226–27 (S.D. Fla. 2011). The Fifth Circuit applies a similar test. *See, e.g.*, *NGM Ins. Co. v. Bexar Cnty.*, 211 F. Supp. 3d 923, 931 (W.D. Tex. 2016).

In support of its Motion to Quash, Group III mischaracterizes Swissdigital's previous representations to the Issuing Court.[4] Throughout the underlying litigation, Swissdigital has consistently maintained that it does not need to obtain documents directly from Group III, a position premised on the belief that Wenger, as Group III's licensor and owner of the licensed trademarks, is in possession, custody, or control of the Disputed Discovery.[5] *See, e.g.*, Resp. Opp'n Mot. Transfer (Dkt. No. 1-4) 6–8. And although Wenger has repeatedly argued that the Disputed Discovery is not in its possession, custody, or control, the License Agreement between Wenger and Group III directly refutes this. After considering the License Agreement and the

---

[4] Group III incorrectly states that "Swiss[d]igital represented that Group III is irrelevant" and "misrepresent[ed] the relevancy of Group III to its case." Pet'r's Mem. 7. Contrary to Group III's assertions, Swissdigital did not state that Group III is irrelevant. Rather, Swissdigital stated that "Group III's documents are irrelevant ***to the analysis of this factor***," i.e., the ease of access to sources of proof. Resp. Opp'n Mot. Transfer (Dkt. No. 1-4) 7 (emphasis added).

[5] Based on this correct assumption, Swissdigital represented to the Issuing Court that "Swissdigital intends to rely on [Wenger's] documents—not those of a third party—to establish its case." Resp. Opp'n Mot. Transfer (Dkt. No. 1-4) 7. Likewise, Swissdigital represented to the Federal Circuit that "any relevant information Group III may possess is surely duplicative of Wenger's own records" and "Wenger, as licensor, must have control over information relevant to the accused products, even if that information is not within its possession or custody." Resp. Opp'n Pet. Writ Mandamus (**Ex. G**) 15.

parties' arguments, Judge Gilliland ordered Wenger to request and produce the Disputed Discovery from Group III, demonstrating that Swissdigital is not judicially estopped from seeking this information.

Nevertheless, if Group III's judicial estoppel argument was yet unresolved, it would be prudent for Judge Gilliland, who is intimately familiar with the parties' venue and discovery disputes, to resolve this issue.  Swissdigital made its previous representations—which Group III now vehemently claims were false and misleading—to Judge Gilliland directly.  And Judge Gilliland wrote the opinion adopted by the district court and upheld by the Federal Circuit denying Wenger's Motion to Transfer.  As such, Judge Gilliland is in the best position to determine whether Swissdigital's present position is inconsistent.  Likewise, Judge Gilliland would be in the best position to determine whether Group III's compliance with Swissdigital's Subpoena would create the perception that the Issuing Court was misled.  Because Group III raises the issue of judicial estoppel, the resolution of which turns on representation made in the Texas Case, this Court should transfer Group III's Motion to Quash to the Issuing Court.

## III.    The Interests of Judicial Consistency, Efficiency, and Economy Outweigh Group III's Minimal Interest in Local Resolution of its Motion to Quash.

Finally, the interests of judicial consistency, efficiency, and economy outweigh Group III's minimal interest in local resolution of its Motion to Quash.  When determining whether to transfer a subpoena-related motion, "the interest of the nonparty in obtaining local resolution of the motion must be balanced with the interests in ensuring the efficient, fair, and orderly progress of ongoing litigation before the issuing court."  *Dispatch Printing Co. v. Zuckerman*, No. 16-cv-80037-BLOOM/Valle, 2016 U.S. Dist. LEXIS 10184, at *10 (S.D. Fla. Jan. 27, 2016) (cleaned up) ("[T]he Court is unpersuaded that transfer will impose an undue burden that would have the effect of canceling out the exceptional circumstances weighing heavily in favor of transfer.").

As discussed above, the Issuing Court has already addressed pertinent discovery issues dispositive to Group III's Motion to Quash.  Likewise, the Issuing Court is intimately familiar with the parties, non-party Group III, the License Agreement, the claims of the patents, the scope of discovery, and the procedural history of the Texas Case.  As such, transfer of Group III's Motion to Quash will promote judicial consistency, efficiency, and economy.  And here, the efficiency interest weighs heavily in favor of transfer given the rapidly approaching close of fact discovery on January 13, 2023, the untimeliness of Group III's Motion to Quash, and Group III's request for an additional thirty days to comply if required.  *See* Am. Scheduling Order (**Ex. H**).

In comparison, Group III's interest in local resolution of its Motion to Quash is minimal. Group III's Motion to Quash already cites both Fifth Circuit and Eleventh Circuit law and states that "[r]egardless of whether it is Texas or Florida law which ultimately governs . . . the law in both states are aligned."  Mot. Quash (Dkt. No. 1) 8; *cf. Dispatch Printing Co.*, 2016 U.S. Dist. LEXIS 10184, at *11–12 ("[T]ransferring a motion to the jurisdiction where the underlying litigation is pending requires few, if any, modifications of the written submissions, [and] does not rise to the level of unfair prejudice.").  Upon transfer, Group III's Florida counsel "may file papers and appear on the motion as an officer of the issuing court."  Fed. R. Civ. P. 45(f).  And should Group III's Motion to Quash be denied, Group III's deposition will be taken at the Fort Lauderdale office of its counsel.  Subpoena (Dkt. No. 1-9).

Furthermore, Group III has previously cooperated with Wenger in the Texas Case and has played an active role in the underlying litigation.  Shortly before Swissdigital initiated the Texas Case, Group III's Executive Chairman and Group III's counsel participated in a Zoom meeting with Swissdigital and Wenger, during which Swissdigital provided a claim element by claim element infringement analysis.  Pulichino Decl. (Ex. F) ¶ 18; Compl. (Dkt. No. 1-1) ¶ 17.  Later,

Group III's Executive Chairman provided a declaration in support of Wenger's Motion to Transfer that was submitted to the Issuing Court.  *See* Pulichino Decl. (Ex. F).  Given this previous involvement in the Texas Case, it would not be unduly burdensome for Group III to resolve its Motion to Quash before the Issuing Court.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Swissdigital respectfully requests that the Court transfer Group III's Motion to Quash to the Issuing Court.

Dated: December 22, 2022                                  Respectfully submitted,

<u>s/ *Lorri Lomnitzer*</u>
Lorri Lomnitzer, Esq.
Florida Bar No. 37632
Lorri@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Ste. 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Fax: (561) 953-3455
*Attorney for the* Swissdigital

10