# EXHIBIT A

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS WACO DIVISION

| | |
|---|---|
| **SWISSDIGITAL USA CO., LTD.** § | |
| § | |
| *Plaintiff,* § | |
| § | Case No. 6:21-cv-00453-ADA |
| v. § | |
| § | JURY TRIAL DEMANDED |
| Wenger S.A. § | |
| § | |
| *Defendant.* § | |

**DEFENDANT WENGER S.A.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF SWISSDIGITAL USA CO., LTD.'S
FIRST SET OF INTERROGATORIES TO
<u>DEFENDANT WENGER S.A.</u>**

Defendant Wenger S.A. ("Wenger") hereby responds to Plaintiff SwissDigital USA Co., Ltd.'s First Set of Interrogatories (Nos. 1-13) as set forth below.

**<u>GENERAL OBJECTIONS</u>**

The following general objections are stated with respect to each and every Interrogatory whether or not specifically identified in response thereto. To the extent any of these general objections is not raised in any particular response, Wenger does not waive those objections.

1. Wenger objects to the "Definitions" set forth in the Interrogatories to the extent that they purport to impose greater obligations on Wenger than those contemplated or required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the local rules or default standards for discovery of this Court, the Court's Order Governing Procedures, any other orders or stipulations governing this case, or any case law of this District applying any of the foregoing.

2. Wenger objects to the definition of the terms "You," "Your," "Defendant," or Wenger" because it seeks to broaden the scope of allowable discovery and seeks information that is

1

not within the possession, custody, or control of Wenger, but is in the possession of non-parties to this lawsuit.  Wenger further objects to the definitions of those terms to the extent it includes Wenger's attorneys and seeks privileged and attorney work-product information.  Wenger will interpret these terms as referring only to the named defendant in this litigation.

3. Wenger objects to the definition of "Defendant's Trademarks" as vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and failing to describe the information sought with reasonable particularity.  On its face, this definition purports to cover trademarks that are not relevant to the issues in this case, to which extent it is overbroad, unduly burdensome, and not proportional to the needs of the case.  Wenger will interpret this term as referring to Reg. 3769824.

4. Wenger objects to the definition of the term "Accused Product(s)" as vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and failing to describe the information sought with reasonable particularity.  Wenger will interpret this term to mean the SWISSGEAR 3670 USB SCANSMART Laptop Backpack Black; SWISSGEAR 3671 USB ScanSmart Laptop Backpack; SWISSGEAR 3916 USB ScanSmart Laptop Backpack with LED Light; SWISSGEAR 3672 USB ScanSmart Laptop Backpack; SWISSGEAR 18.5" Scan Smart TSA Laptop and USB Power Plug Backpack; SWISSGEAR 2870 USB Messenger Bag; SWISSGEAR 2760 USB ScanSmart Laptop Backpack with LED Light; SWISSGEAR 3636 USB Work Pack Pro Tool Backpack; SWISSGEAR 5358 ScanSmart Laptop Backpack; and SWISSGEAR 19" Hybrid Backpack/Messenger, to the extent any of those products was sold in the U.S. after February 25, 2020, as currently known to Wenger.

5. Wenger objects to the definition of "infringe" to the extent it includes claims not at issue in this case.

6. Wenger objects to the definition of "Person" to the extent it includes Wenger's attorneys and seeks privileged and attorney-work product information.

2

7. Wenger objects to the definition of "USB outlet power ready port" as vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and failing to describe the information sought with reasonable particularity.

8. Wenger objects to the definition of "USB Power Ready Collection" as vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and failing to describe the information sought with reasonable particularity.

9. Wenger objects to the Interrogatories to the extent that they seek information and/or documents that are not in the possession, custody, or control of Wenger, or that are more readily obtainable from non-parties.

10. Wenger objects to the Interrogatories to the extent that they seek the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, the common interest/joint defense privilege, or any other applicable privilege, immunity, or protection, as provided by any applicable law. Wenger does not intend to disclose such privileged or protected information. Wenger's inadvertent disclosure of any such information should not be deemed a waiver of any privilege, immunity, or protection, and Wenger expressly reserves the right to object to the introduction at trial or to any other use of such information that may be inadvertently disclosed. Wenger objects to the discovery of attorney-client privileged communications after the filing of this lawsuit, and to the discovery of work-product materials generated after the filing of this lawsuit.

11. Wenger objects to the Interrogatories to the extent the burden or expense of the discovery sought outweighs any likely benefit.

12. Wenger objects to the Interrogatories to the extent that Wenger would have to draw a legal conclusion or otherwise form an opinion about facts to make a proper response.

13. Wenger objects to the Interrogatories to the extent that they seek disclosure of

information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any non-party. To the extent that Wenger locates such responsive information and/or documents, it will seek to obtain the consent from any such non-party when appropriate. Wenger further objects to the Interrogatories to the extent that they purport to require Wenger to disclose private or personally-identifiable information of its employees, customers, or users. Such information is irrelevant and Wenger does not intend to provide such information without a court order.

14. Wenger objects to the Interrogatories to the extent that they are seeking production of sensitive documents and/or information prior to the entry of a suitable protective order.

15. Wenger objects to the Interrogatories to the extent that they are unreasonably cumulative or duplicative or seek information that is obtainable from sources that are more convenient, less burdensome, or less expensive.

16. Wenger objects to the Interrogatories to the extent that they seek information and/or documents already in SwissDigital's possession, custody, or control, or information and/or documents that are readily available to SwissDigital. Wenger further objects to these Interrogatories to the extent that they seek information and/or documents that are equally available to SwissDigital through other sources, including but not limited to publicly available information or records. Such information and/or documents can be obtained by SwissDigital with at most the same (and, in some cases, less) burden and expense than Wenger would have to undertake.

17. Wenger objects to the Interrogatories to the extent they seek information from the party that makes, designs, manufactures, sells, and/or offers for sale the Accused Products. Wenger does not make, design, manufacture, sell, and/or offer for sale the Accused Products, and documents regarding the same are not in Wenger's possession, custody, or control. It is Wenger's understanding that Group III International, Inc., a third-party to this action, is responsible for the make, design,

4

manufacture, sale, and/or offer for sale of the Accused Products. Accordingly, documents regarding the same are in the possession, custody, and/or control of Group III International, Inc., and are equally available to SwissDigital with equal access, burden, and expense.

18. Wenger objects to the Interrogatories to the extent that they seek information and/or documents that are not limited to a relevant and reasonable time period or geographic area, and/or products, services, and/or actions that are not within or directed toward the United States.

19. Wenger objects to the Interrogatories to the extent that they seek information and/or documents that require expert witness testimony before the time contemplated under the scheduling order governing this case.

20. Any statement of Wenger that it will produce documents in response to the Interrogatories is not a representation that such documents exist, but only that, notwithstanding any objections and to the extent the Interrogatory is understood, Wenger will undertake a reasonable search to locate responsive and relevant documents, and will produce copies of non-privileged, non-protected documents that are located in its possession, custody, or control.

21. Wenger expressly reserves the right to revise and supplement its responses and to provide, at any time, revisions, corrections, or clarifications with respect to any of the information provided or objections made in response to the Interrogatories.

22. No incidental or implied admissions are intended by any response by Wenger to any Interrogatory. That Wenger has responded to any Interrogatory is not an admission that Wenger accepts or admits the existence of any alleged facts set forth in or assumed by such Interrogatory, or that the making of the response constitutes admissible evidence.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1**

Identify all Persons who you believe have knowledge of facts related to this Action and identify the issues upon which you believe they have knowledge.

**RESPONSE TO INTERROGATORY NO. 1**

Wenger objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information about "all Persons," any "knowledge," and "facts related to this Action." Wenger objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information not related to any issue in this Action. Wenger further objects to this Interrogatory as vague and ambiguous, in particular with respect to the terms "you believe" and "the issues."

Subject to the foregoing specific and general objections, Wenger directs SwissDigital to and hereby incorporates Wenger's Initial Disclosures. Wenger's investigation is ongoing, and Wenger reserves the right to supplement its Response to this Interrogatory as its investigation continues.

**INTERROGATORY NO. 2**

Identify Defendant's efforts to market, promote, and advertise Defendant's Trademarks used in connection with the Accused Products.

**RESPONSE TO INTERROGATORY NO. 2**

Wenger objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of this case, including to the extent that it seeks "Defendant's efforts." Wenger objects to this Interrogatory to the extent that it seeks documents

6

that are equally or more available to SwissDigital through other sources. Wenger objects to this Interrogatory to the extent it seeks information not in Wenger's possession, custody, or control. Wenger further objects to this Interrogatory as duplicative of other Interrogatories, including Interrogatory No. 3.

Subject to the foregoing specific and general objections, and the entry of a Protective Order, Wenger will produce non-privileged, non-protected documents sufficient to show Wenger's promotions and advertisements of Trademark Reg. 3769824 used in connection with the Accused Products in its possession, custody, or control, if any. Wenger's investigation is ongoing, and Wenger reserves the right to supplement its Response to this Interrogatory as its investigation continues.

**INTERROGATORY NO. 3**

Identify the process by which Defendant controls, supervises, and directs the use of Defendant's Trademarks used in connection with the Accused Products.

**RESPONSE TO INTERROGATORY NO. 3**

Wenger objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of this case, including to the extent that it seeks "controls, supervises, and directs the use." Wenger objects to this Interrogatory to the extent that it seeks documents that are equally or more available to SwissDigital through other sources. Wenger objects to this Interrogatory because it seeks documents protected by the attorney client privilege or attorney work product doctrine. Wenger objects to this Interrogatory to the extent it seeks information not in Wenger's possession, custody, or control. Wenger further objects to this Interrogatory as duplicative of other Interrogatories, including Interrogatory Nos. 2 and 4.

Subject to the foregoing specific and general objections, and the entry of a Protective Order, Wenger will produce non-privileged, non-protected documents sufficient to identify Wenger's control, supervision, and direction of the use Trademark Reg. 3769824 used in connection with the Accused Products in its possession, custody, or control, if any. Wenger's investigation is ongoing, and Wenger reserves the right to supplement its Response to this Interrogatory as its investigation continues.

**INTERROGATORY NO. 4**

Identify the process by which Defendant oversees the design and quality control of products bearing Defendant's Trademarks used in connection with the Accused Products.

**RESPONSE TO INTERROGATORY NO. 4**

Wenger objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of this case, including to the extent that it seeks "oversees the design and quality control." Wenger objects to this Interrogatory to the extent that it seeks documents that are equally or more available to SwissDigital through other sources. Wenger objects to this Interrogatory because it seeks documents protected by the attorney client privilege or attorney work product doctrine. Wenger objects to this Interrogatory to the extent it seeks information not in Wenger's possession, custody, or control. Wenger further objects to this Interrogatory as duplicative of other Interrogatories, including Interrogatory No. 3.

Subject to the foregoing specific and general objections, and the entry of a Protective Order, Wenger will produce non-privileged, non-protected documents sufficient to identify the process by which Wenger oversees the design and quality control of products bearing Trademark Reg. 3769824 used in connection with the Accused Products in its possession, custody, or control, if any.

8

Wenger's investigation is ongoing, and Wenger reserves the right to supplement its Response to this Interrogatory as its investigation continues.

**INTERROGATORY NO. 5**

Identify Defendant's involvement, including but not limited to Defendant's business and strategic decisions, concerning the design, manufacture, distribution, advertising, marketing, and sale of the Accused Products.

**RESPONSE TO INTERROGATORY NO. 5**

Wenger objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of this case, including to the extent that it seeks "involvement," "business and strategic decisions," "design, manufacture, distribution, advertising, marketing, and sale." Wenger objects to this Interrogatory to the extent that it seeks documents that are equally or more available to SwissDigital through other sources, including through Group III International, Inc., who designs, manufactures, distributes, advertises, markets, and sells the Accused Products. Wenger objects to this Interrogatory to the extent it seeks information not in Wenger's possession, custody, or control. Wenger further objects to this Interrogatory as duplicative of other Interrogatories, including Interrogatory Nos. 2-5.

Subject to the foregoing specific and general objections, and the entry of a Protective Order, Wenger will produce non-privileged, non-protected documents sufficient to identify Wenger's involvement in the design, manufacture, distribution, advertising, marketing, and sale of the Accused Products in its possession, custody, or control, if any. Wenger's investigation is ongoing, and Wenger reserves the right to supplement its Response to this Interrogatory as its investigation continues.

**INTERROGATORY NO. 6**

Identify which entities and individuals have owned and operated the SWISSGEAR website at https://www.swissgear.com/ from 2019 to the present.

**RESPONSE TO INTERROGATORY NO. 6**

Wenger objects to this Interrogatory as vague and ambiguous, in particular with respect to the terms "owned or operated." Wenger objects to this Interrogatory to the extent that it seeks documents that are equally or more available to SwissDigital through other sources. Wenger objects to this Interrogatory to the extent it seeks information not in Wenger's possession, custody, or control.

Subject to the foregoing specific and general objections, Wenger responds: Wenger does not own or operate the website at https://www.swissgear.com/, and has not owned nor operated it at any time from 2019 to the present. Wenger's investigation is ongoing, and Wenger reserves the right to supplement its Response to this Interrogatory as its investigation continues.

**INTERROGATORY NO. 7**

Identify Defendant's involvement with the SWISSGEAR website at https://www.swissgear.com/ from 2019 to the present.

**RESPONSE TO INTERROGATORY NO. 7**

Wenger objects to this Interrogatory as vague and ambiguous, particularly with respect to the term "involvement." Wenger objects to this Interrogatory to the extent that it seeks documents that are equally or more available to SwissDigital through other sources. Wenger objects to this

Interrogatory to the extent it seeks information not in Wenger's possession, custody, or control. Wenger further objects to this Interrogatory as duplicative of other Interrogatories, including Interrogatory No. 6.

Subject to the foregoing specific and general objections, Wenger responds: Wenger does not own, operate, edit, or control the website at https://www.swissgear.com/, and has not owned, operated, edited, or controlled it at any time from 2019 to the present. Wenger's investigation is ongoing, and Wenger reserves the right to supplement its Response to this Interrogatory as its investigation continues.

**INTERROGATORY NO. 8**

Identify the process by which Defendant maintains, manages, and obtains access to sales and financial records relating to the Accused Products and Defendant's licensees in the ordinary course of business.

**RESPONSE TO INTERROGATORY NO. 8**

Wenger objects to this Interrogatory as vague and ambiguous, particularly with respect to the terms "process," "maintains, manages, and obtains access to," and "Defendant's licensees." Wenger further objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information about "Defendant's licensees."

Subject to the foregoing specific and general objections, Wenger receives quarterly conglomerate reports from the licensee of its SWISSGEAR trademark, Group III International, Inc. Wenger maintains these reports in the ordinary course of its business. Wenger's investigation is

11

ongoing, and Wenger reserves the right to supplement its Response to this Interrogatory as its investigation continues.

**INTERROGATORY NO. 9**

Identify all Persons who were and are involved in the negotiation and signing of all agreements between Defendant and Defendant's licensees, including each Person's job description.

**RESPONSE TO INTERROGATORY NO. 9**

Wenger objects to this Interrogatory as vague and ambiguous, particularly with respect to the terms "involved," "negotiation," "signing," and "agreements." Wenger further objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information about "all Persons who were and are involved in the negotiation and signing of all agreements" and "Defendant's licensees." Wenger further objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it is unbounded in time.

Subject to the foregoing specific and general objections, Wenger identifies the following individuals:

- Carl Elsener, Chairperson of Victorinox AG
- Urs Schwartz, General Counsel & Corporate Secretary of Victorinox

Wenger's investigation is ongoing, and Wenger reserves the right to supplement its Response to this Interrogatory as its investigation continues.

12

**INTERROGATORY NO. 10**

Identify the location(s) and custodian(s) of all documents relating to Defendant's sales and financial records relating to the Accused Products.

**RESPONSE TO INTERROGATORY NO. 10**

Wenger objects to this Interrogatory as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, and ambiguous, particularly with respect to the phrase "sales and financial records relating to the Accused Products." Wenger objects to this Interrogatory to the extent that it seeks documents that are equally or more available to SwissDigital through other sources. Wenger objects to this Interrogatory to the extent it seeks information not in Wenger's possession, custody, or control. Wenger further objects to this Interrogatory as duplicative of other Interrogatories, including Interrogatory No. 8.

Subject to the foregoing specific and general objections, Wenger directs SwissDigital to and hereby incorporates Wenger's Initial Disclosures. All documents in Wenger's possession relating to Wenger's sales and financial records relating to the Accused Products are in Switzerland. Custodians of these records are Jean-Daniel Bussard (Wenger S.A.) and Felix Rhyner (Victorinox AG). Wenger's investigation is ongoing, and Wenger reserves the right to supplement its Response to this Interrogatory as its investigation continues.

**INTERROGATORY NO. 11**

Identify the location(s) and custodian(s) of all documents relating to the manufacture, marketing, advertising, and/or sale of the Accused Products.

13

**RESPONSE TO INTERROGATORY NO. 11**

Wenger objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of this case, including to the extent that it seeks "manufacture, marketing, advertising, and/or sale." Wenger objects to this Interrogatory to the extent that it seeks documents that are equally or more available to SwissDigital through other sources. Wenger objects to this Interrogatory as requesting information that should be requested directly from Group III, the company responsible for manufacture, marketing, advertising, and/or sale of the Accused Products. Wenger objects to this Interrogatory to the extent it seeks information not in Wenger's possession, custody, or control. Wenger further objects to this Interrogatory as duplicative of other Interrogatories, including Interrogatory Nos. 5 and 10.

Subject to the foregoing specific and general objections, Wenger directs SwissDigital to and hereby incorporates Wenger's Initial Disclosures. Documents relating to the manufacture, marketing, advertising, and/or sale of the Accused Products, if any, are in Switzerland, and their custodian is Philomena Chèvre. Wenger's investigation is ongoing, and Wenger reserves the right to supplement its Response to this Interrogatory as its investigation continues.

**INTERROGATORY NO. 12**

Identify the location(s) and custodian(s) of all documents relating to the conception, research, or development of the Accused Products, the SWISSGEAR "USB Power Ready Collection," and any USB port feature of SWISSGEAR products.

**RESPONSE TO INTERROGATORY NO. 12**

Wenger objects to this Interrogatory as overly broad, unduly burdensome, vague,

14

ambiguous, and disproportionate to the needs of this case, including to the extent that it seeks "conception, research, or development." Wenger objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information about products not accused in this case. Wenger objects to this Interrogatory to the extent that it seeks documents that are equally or more available to SwissDigital through other sources. Wenger objects to this Interrogatory as requesting information that should be requested directly from Group III, the company responsible for conception, research, development, manufacture, marketing, advertising, and/or sale of the Accused Products. Wenger objects to this Interrogatory to the extent it seeks information not in Wenger's possession, custody, or control.

Subject to the foregoing specific and general objections, documents relating to the conception, research, and/or development of the Accused Products, if any, are in Switzerland, and their custodian is Philomena Chèvre. However, Wenger does not conceive, research, or develop the Accused Products. Wenger's investigation is ongoing, and Wenger reserves the right to supplement its Response to this Interrogatory as its investigation continues.

**INTERROGATORY NO. 13**

Identify all products sold under Defendant's Trademarks that offer a "USB outlet power ready port" or other USB port feature.

**RESPONSE TO INTERROGATORY NO. 13**

Wenger objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of this case to the extent that it seeks, including to the extent it seeks information about products not accused in this case. Wenger objects to this Interrogatory to the extent that it seeks documents that are equally or more available to

15

SwissDigital through other sources. Wenger objects to this Interrogatory to the extent it seeks information not in Wenger's possession, custody, or control. Wenger objects to this Interrogatory as requesting information that should be requested directly from Group III, the company responsible for manufacture, marketing, advertising, and/or sale of the Accused Products.

Subject to the foregoing specific and general objections, Wenger will produce non-privileged, non-protected documents sufficient to identify products sold under Trademark Reg. 3769824 that offer a "USB outlet power ready port" or other USB port feature in its possession, custody, and/or control, if any. All products sold under the SWISSGEAR trademark that offer a "USB outlet power ready port" or other USB feature are, to the best of Wenger's knowledge, available on the website https://www.swissgear.com. Wenger's investigation is ongoing, and Wenger reserves the right to supplement its Response to this Interrogatory as its investigation continues.

Dated: September 12, 2022

/s/ Taylor N. Mauze
Taylor N. Mauze (TX Bar 24102161)
tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
7500 Rialto Boulevard, Suite 250
Austin, Texas 78735
Tel: (650) 623-1401

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7311

**Attorneys for Defendant Wenger, S.A.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument has been served to all counsel of record who have consented to service by electronic mail on the Court's CM/ECF system on September 12, 2022.

*/s/ Taylor N. Mauze*
_____
