# EXHIBIT B

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS WACO DIVISION

| | | |
|---|---|---|
| **SWISSDIGITAL USA CO., LTD.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | **Case No. 6:21-cv-00453-ADA** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Wenger S.A.** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT WENGER S.A.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF SWISSDIGITAL USA CO., LTD.'S FIRST SET OF REQUESTS
FOR PRODUCTION TO DEFENDANT WENGER S.A.**

Defendant Wenger S.A. ("Wenger") hereby responds to Plaintiff SwissDigital USA Co.,

Ltd.'s First Set of Requests for Production (Nos. 1-34) as set forth below.

**GENERAL OBJECTIONS**

The following general objections are stated with respect to each and every Request whether

or not specifically identified in response thereto. To the extent any of these general objections is

not raised in any particular response, Wenger does not waive those objections.

1. Wenger objects to the "Definitions" set forth in the Requests to the extent that the

purport to impose greater obligations on Wenger than those contemplated or required by the Federal

Rules of Civil Procedure, the Federal Rules of Evidence, the local rules or default standards for

discovery of this Court, the Court's Order Governing Procedures, any other orders or stipulations

governing this case, or any case law of this District applying any of the foregoing.

2. Wenger objects to the definition of the terms "You," "Your," "Defendant," or

Wenger" because it seeks to broaden the scope of allowable discovery and seeks information that is

not within the possession, custody, or control of Wenger, but is in the possession of non-parties to

this lawsuit. Wenger further objects to the definitions of those terms to the extent it includes Wenger's

1

attorneys and seeks privileged and attorney work-product information.  Wenger will interpret these terms as referring only to the named defendant in this litigation.

3.      Wenger objects to the definition of "Defendant's Trademarks" as vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and failing to describe the information sought with reasonable particularity.  On its face, this definition purports to cover trademarks that are not relevant to the issues in this case, to which extent it is overbroad, unduly burdensome, and not proportional to the needs of the case.  Wenger will interpret this term as referring to Reg. 3769824.

4.      Wenger objects to the definition of the term "Accused Product(s)" as vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and failing to describe the information sought with reasonable particularity.  Wenger will interpret this term to mean the SWISSGEAR 3670 USB SCANSMART Laptop Backpack Black; SWISSGEAR 3671 USB ScanSmart Laptop Backpack; SWISSGEAR 3916 USB ScanSmart Laptop Backpack with LED Light; SWISSGEAR 3672 USB ScanSmart Laptop Backpack; SWISSGEAR 18.5" Scan Smart TSA Laptop and USB Power Plug Backpack; SWISSGEAR 2870 USB Messenger Bag; SWISSGEAR 2760 USB ScanSmart Laptop Backpack with LED Light; SWISSGEAR 3636 USB Work Pack Pro Tool Backpack; SWISSGEAR 5358 ScanSmart Laptop Backpack; and SWISSGEAR 19" Hybrid Backpack/Messenger, to the extent any of those products was sold in the U.S. after February 25, 2020, as currently known to Wenger.

5.      Wenger objects to the definition of "infringe" to the extent it includes claims not at issue in this case.

6.      Wenger objects to the definition of "Person" to the extent it includes Wenger's attorneys and seeks privileged and attorney-work product information.

7.      Wenger objects to the definition of "USB outlet power ready port" as vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and failing to

describe the information sought with reasonable particularity.

8.     Wenger objects to the definition of "USB Power Ready Collection" vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and failing to describe the information sought with reasonable particularity.

9.     Wenger objects to the Requests to the extent that they seek information and/or documents that are not in the possession, custody, or control of Wenger, or that are more readily obtainable from non-parties.

10.    Wenger objects to the Requests to the extent that they seek the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, the common interest/joint defense privilege, or any other applicable privilege, immunity, or protection, as provided by any applicable law.   Wenger does not intend to disclose such privileged or protected information.   Wenger's inadvertent disclosure of any such information should not be deemed a waiver of any privilege, immunity, or protection, and Wenger expressly reserves the right to object to the introduction at trial or to any other use of such information that may be inadvertently  disclosed. Wenger objects to the discovery of attorney-client privileged communications after the filing of this lawsuit, and to the discovery of work-product materials generated after the filing of this lawsuit.

11.    Wenger objects to the Requests to the extent the burden or expense of the discovery sought outweighs any likely benefit.

12.    Wenger objects to the Requests to the extent that Wenger would have to draw a legal conclusion or otherwise form an opinion about facts to make a proper response.

13.    Wenger objects to the Requests to the extent that they seek disclosure of information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any non-party.   To the extent that Wenger locates such responsive information

and/or documents, it will seek to obtain the consent from any such non- party when appropriate. Wenger further objects to the Requests to the extent that they purport to require Wenger to disclose private or personally-identifiable information of its employees, customers, or users.   Such information is irrelevant and Wenger does not intend to provide such information without a court order.

14.     Wenger objects to the Requests to the extent that they are seeking production of sensitive documents and/or information prior to the entry of a suitable protective order.

15.     Wenger objects to the Requests to the extent that they are unreasonably cumulative or duplicative or seek information that is obtainable from sources that are more convenient, less burdensome, or less expensive.

16.     Wenger objects to the Requests to the extent that they seek information and/or documents already in SwissDigital's possession, custody, or control, or information and/or documents that are readily available to SwissDigital.  Wenger further objects to these Requests to the extent that they seek information and/or documents that are equally or more available to SwissDigital through other sources, including but not limited to publicly available information or records.  Such information and/or documents can be obtained by SwissDigital with at most the same (and, in some cases, less) burden and expense than Wenger would have to undertake.

17.     Wenger objects to the Requests to the extent that they seek information and/or documents that are not limited to a relevant and reasonable time period or geographic area, and/or products, services, and/or actions that are not within or directed toward the United States.

18.     Wenger objects to the Requests to the extent they seek information from the party that makes, designs, manufactures, sells, and/or offers for sale the Accused Products.  Wenger does not make, design, manufacture, sell, and/or offer for sale the Accused Products, and documents regarding the same are not in Wenger's possession, custody, or control.  It is Wenger's understanding that Group

III International, Inc., a third-party to this action, is responsible for the make, design, manufacture, sale, and/or offer for sale of the Accused Products.  Accordingly, documents regarding the same are in the possession, custody, and/or control of Group III International, Inc., and are equally available to SwissDigital with equal access, burden, and expense.

19.    Wenger objects to the Requests to the extent that they seek information and/or documents that require expert witness testimony before the time contemplated under the scheduling order governing this case.

20.    Any statement of Wenger that it will produce documents in response to the Requests is not a representation that such documents exist, but only that, notwithstanding any objections and to the extent the Request is understood, Wenger will undertake a reasonable search to locate responsive and relevant documents, and will produce copies of non-privileged, non- protected documents that are located in its possession, custody, or control.

21.    Wenger expressly reserves the right to revise and supplement its responses and to provide, at any time, revisions, corrections, or clarifications with respect to any of the information provided or objections made in response to the Requests.

22.    No incidental or implied admissions are intended by any response by Wenger to any Request. That Wenger has responded to any Request is not an admission that Wenger accepts or admits the existence of any alleged facts set forth in or assumed by such Request, or that the making of the response constitutes admissible evidence.

<u>**SPECIFIC OBJECTIONS AND RESPONSE**</u>
<u>**TO REQUESTS  FOR  PRODUCTION**</u>

Subject to the foregoing General Objections, which are incorporated by reference as if set forth fully in each and every response herein, Wenger specifically responds and objects to the Requests as follows:

<u>**REQUEST FOR PRODUCTION NO. 1**</u>

1.      All documents identified in response to Swissdigital's Interrogatories to Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Wenger objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents identified" in response to SwissDigital's interrogatories.  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources, including documents held by SwissDigital.  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control, if any, that are identified in Wenger's responses to SwissDigital's interrogatories.

**REQUEST FOR PRODUCTION NO. 2**

2.      All documents used or referred to in responding to Swissdigital's Interrogatories to Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Wenger objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents used or referred to" in its response to SwissDigital's interrogatories.  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources.  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.

Subject to the foregoing general and specific objections, and the entry of a Protective Order,

Wenger will produce relevant and non-privileged documents referred to in responding to SwissDigital's Interrogatories, responsive to this Request and within Wenger's possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 3**

3.     All documents upon which Defendant intends to rely at any trial or hearing in connection with any motion in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Wenger objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case.  Wenger objects to this request as vague and ambiguous, in particular to the extent it requests documents Wenger "intends to rely" on.  Additionally, Wenger objects to this Request as vague, ambiguous, and premature to the extent it seeks information about "any trial or hearing."  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.

Subject to the foregoing general and specific objections, Wenger is willing to meet and confer with SwissDigital at the appropriate time to understand what specific relevant, non-privileged information, if any, SwissDigital seeks to obtain through this Request.

**REQUEST FOR PRODUCTION NO. 4**

4.     All documents concerning any communication relating to this Action, including but not limited to, communications with Defendant's employees, shareholders, directors, officers, and/or licensees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Wenger objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of the case to the extent that it seeks "[a]ll documents concerning any communication relating to this Action." Wenger objects to this Request as vague and ambiguous in that it requests

information "relating to this Action."  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.  Wenger objects to this Request to the extent that it seeks information already in SwissDigital's possession.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged communications with its employees, shareholders, directors, officers, and/or licensees mentioning this Action to the extent they are within its possession, custody, or control..

**REQUEST FOR PRODUCTION NO. 5**

5.      All documents identified in Defendant's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Wenger objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" identified in its Initial Disclosures, the majority of which would have no relation to any claim or defense in this litigation.  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents identified in its Rule 26(a)(1) disclosures and within its possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 6**

6.      All documents and communications concerning the Patents-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Wenger objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case.  Wenger objects to this Request as vague and ambiguous, particularly with respect to the term "Patents-in-Suit," which is not a defined term.  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources.  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.  Wenger objects to this Request to the extent that it seeks information already in SwissDigital's possession.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents that mention the asserted patents, to the extent such documents relate to this Action and are within Wenger's possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 7**

7.      All documents and communications concerning Defendant's first awareness of the '071 patent, the '138 patent, the '104 application, and/or the '059 application.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Wenger objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case.  Wenger objects to this Request as vague and ambiguous to the extent it seeks information "concerning Defendant's first awareness" of the patents.  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources.  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.  Wenger further objects to this Request to the extent that it seeks information already in SwissDigital's possession.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents concerning Wenger's first awareness of the '071 patent, '138 patent, '104 application, and/or the '059 application within its possession,

custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 8**

8.      All documents and communications concerning Defendant's investigations, if any, of the infringement, validity, or enforceability of the Patents-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Wenger objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of this case, vague, and ambiguous.  Wenger objects to this Request as vague and ambiguous, particularly with respect to the term "Patents-in-Suit," which is not a defined term.  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources and/or already in SwissDigital's possession, including Wenger's pleadings and filings in this case, and Wenger's Preliminary and Final Invalidity Contentions. Wenger objects to this Request because it prematurely seeks expert opinions and discovery. Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.

Subject to the foregoing general and specific objections, Wenger is willing to meet and confer with SwissDigital at the appropriate time to understand what specific relevant, non-privileged information, if any, SwissDigital seeks to obtain through this Request

**REQUEST FOR PRODUCTION NO. 9**

9.      A sample of each Accused Product and any SWISSGEAR product that includes a "USB outlet power ready port."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Wenger objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of this case, vague, and ambiguous, in particular to the extent it seeks "[a] sample of each Accused Product and any SWISSGEAR product that includes a 'USB outlet power ready port.'"

Wenger objects to this request to the extent that it seeks documents and things not in its possession, custody or control, and to the extent it seeks documents and things that are equally or more available to SwissDigital through other sources and/or already in SwissDigital's possession. Wenger objects to this Request as requesting information that should be requested directly from Group III, the company responsible for manufacture, marketing, advertising, and/or sale of any SWISSGEAR product that includes a "USB outlet power ready port."

Subject to the foregoing general and specific objections, based on Wenger's current knowledge, Group III is the source of the Accused Products and the products are available for purchase from Group III to the extent such samples exist and are sold in the United States.  Wenger does not manufacture or sell the Accused Products and does not maintain a set of samples of the Accused Products.

**REQUEST FOR PRODUCTION NO. 10**

10.    All product manuals, specifications, instructions, and any product documentation for each of the Accused Products and any SWISSGEAR product that includes a "USB outlet power ready port."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Wenger objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of this case, vague, and ambiguous, in particular to the extent it seeks "any SWISSGEAR product that includes a 'USB outlet power ready port.'"  Wenger objects to this request to the extent that it seeks documents not in its possession, custody or control.  Wenger further objects to this Request to the extent it seek documents and things that are equally or more available to SwissDigital through other sources and/or already in SwissDigital's possession.  Wenger objects to this Request as requesting information that should be requested directly from Group III, the company responsible for manufacture, marketing, advertising, and/or sale of any SWISSGEAR

product that includes a "USB outlet power ready port."

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged product manuals, specifications, instructions, and product documentation for the Accused Products to the extent Wenger has such documents within its possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 11**

11.     All product packaging and product tags for each of the Accused Products and any SWISSGEAR product that includes a "USB outlet power ready port.".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Wenger objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of this case, vague, and ambiguous, in particular to the extent it seeks "any SWISSGEAR product that includes a 'USB outlet power ready port.'" Wenger further objects to this request as overly broad as to time. Wenger objects to this request to the extent that it seeks documents not in its possession, custody or control. Wenger further objects to this Request to the extent it seek documents and things that are equally or more available to SwissDigital through other sources and/or already in SwissDigital's possession. Wenger objects to this Request as requesting information that should be requested directly from Group III, the company responsible for manufacture, packaging, marketing, advertising, and/or sale of any SWISSGEAR product that includes a "USB outlet power ready port."

Subject to the foregoing general and specific objections, Wenger will produce relevant and non-privileged product packaging and products tags for the Accused Products for the period after February 25, 2020, to the extent Wenger has such documents within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12**

12.     All documents and communications concerning the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Wenger objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of this case, vague, and ambiguous.  Wenger further objects to this request as overly broad as to time.  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources and/or already in SwissDigital's possession, including documents and information in SwissDigital's possession evidencing SwissDigital's knowledge of Group III products.  Wenger further objects to this Request to the extent it seeks information not in Wenger's possession, custody, or control, and to the extent it seeks documents equally or more available to SwissDigital through other sources.  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents concerning the Accused Products and the asserted patents for the period after February 25, 2020, to the extent Wenger has such documents within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13**

13.     All documents and communications concerning the SWISSGEAR "USB Power Ready Collection."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Wenger objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of this case, vague, and ambiguous.  In particular, Wenger objects to this Request to the extent it seeks information about products that are not accused in this case, and that do not relate to any claim or defense in this litigation.  Wenger objects to this request to the extent that it seeks

documents that are equally or more available to SwissDigital through other sources and/or already in SwissDigital's possession.  Wenger further objects to this Request to the extent it seeks information not in Wenger's possession, custody, or control, and to the extent it seeks documents equally or more available to SwissDigital through other sources.  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.  Wenger objects to this Request as requesting information that should be requested directly from Group III, the company responsible for the design, development, manufacture, marketing, advertising, and/or sale of any SWISSGEAR product in the "USB Power Ready Collection."

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents mentioning the SWISSGEAR "USB Power Ready Collection" to the extent such documents are within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14**

14.    All documents and communications concerning any USB port feature of SWISSGEAR products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Wenger objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of this case, vague, and ambiguous.  In particular, Wenger objects to this Request to the extent it seeks information about products and features that are not accused in this case, and that do not relate to any claim or defense in this litigation.  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources and/or already in SwissDigital's possession.  Wenger further objects to this Request to the extent it seeks information not in Wenger's possession, custody, or control, and to the extent it seeks documents

equally or more available to SwissDigital through other sources.  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.  Wenger objects to this Request as requesting information that should be requested directly from Group III, the company responsible for the design, development, manufacture, marketing, advertising, and/or sale of any SWISSGEAR product that includes a USB port feature.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents concerning SWISSGEAR products with a female connector retained outside and adjacent to the power cable outlet with one side of the four sides of the female connector in communication with the bag or luggage body, and the other three sides of the female connector are covered by a water proof sheath that protects the female connector and provides it in a flat position and wherein the sheath is above and covers the power cable outlet, to the extent such documents are within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15**

15.    All documents and communications concerning the conception, research, and development of the Accused Products, the SWISSGEAR "USB Power Ready Collection," and/or any USB port feature of SWISSGEAR products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Wenger objects to this Request as vague and ambiguous, particularly with respect to the terms "conception," "research," and "development."  Wenger objects to this Request as overly broad and unduly burdensome to the extent it seeks information about products not accused in this case.  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources and/or already in SwissDigital's possession. Wenger further objects to this Request to the extent it seeks information not in Wenger's possession, custody, or control, and to the extent it seeks documents equally or more available to SwissDigital

through other sources.  Wenger objects to this Request as requesting information that should be requested directly from Group III, the company responsible for the conception, research, design, development, manufacture, marketing, advertising, and/or sale of any SWISSGEAR product in the "USB Power Ready Collection."

Subject to the foregoing general and specific objections, Wenger will produce relevant and non-privileged documents showing the initial design and development of the Accused Products and the SWISSGEAR "USB Power Ready Collection," to the extent such documents are within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16**

16.    All documents and communications shared between Defendant and any of Defendant's customers or Defendant's licensees' customers concerning the Accused Products, the SWISSGEAR "USB Power Ready Collection," and/or any USB port feature of SWISSGEAR products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Wenger objects to this request as vague and ambiguous, particularly with respect to the terms "shared between" "any USB port feature," and "SWISSGEAR products."  Wenger objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, in particular to the extent it seeks documents and communications concerning products not accused in this case and/or documents and communications regarding "Defendant's customers or Defendant's licensees' customers."  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources and/or already in SwissDigital's possession.  Wenger further objects to this Request to the extent it seeks information not in Wenger's possession, custody, or control, and to the extent it seeks documents equally or more available to SwissDigital through other sources.  Wenger also objects to this Request as duplicative, including of Requests 4 and 14.  Wenger objects to this Request as requesting information that should

16

be requested directly from Group III, the company responsible for the design, development, manufacture, marketing, advertising, and/or sale of any SWISSGEAR product in the "USB Power Ready Collection."

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents between Wenger and its licensees concerning the Accused Products, the SWISSGEAR "USB Power Ready Collection," and SWISSGEAR products with a female connector retained outside and adjacent to the power cable outlet with one side of the four sides of the female connector in communication with the bag or luggage body, and the other three sides of the female connector are covered by a water proof sheath that protects the female connector and provides it in a flat position and wherein the sheath is above and covers the power cable outlet, to the extent such documents relate to the asserted patents and are within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17**

17.     All documents and communications concerning the design, manufacture, and sale of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Wenger objects to this Request as vague and ambiguous, particularly with respect to the terms "design," "manufacture," and "sale." Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources and/or already in SwissDigital's possession. Wenger further objects to this Request to the extent it seeks information not in Wenger's possession, custody, or control, and to the extent it seeks documents equally or more available to SwissDigital through other sources. Wenger also objects to this Request as duplicative, including of Request 15. Wenger objects to this Request as requesting information that should be requested directly from Group III, the company responsible for the design, development,

manufacture, marketing, advertising, and/or sale of any of the Accused Products.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents concerning the design, manufacture, and sale of the Accused Products, to the extent such documents relate to the accused features and are within Wenger's possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 18**

18.     All documents sufficient to evidence Defendant's revenues, profits, costs, and total units sold for each of the Accused Products on a monthly, quarterly, and/or however else these records are maintained in their ordinary course of business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Wenger objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information "on a monthly" or "quarterly" basis. Wenger objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is unbounded in time.  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources and/or already in SwissDigital's possession.  Wenger further objects to this Request to the extent it seeks information not in Wenger's possession, custody, or control, and to the extent it seeks documents equally or more available to SwissDigital through other sources.  Wenger objects to this Request as requesting information that should be requested directly from Group III, the company responsible for the sale of the Accused Products.

Subject to the foregoing general and specific objections, and subject to entry of a Protective Order, Wenger will produce relevant and non-privileged documents sufficient to evidence Wenger's revenues, profits, costs, and total units sold for the Accused Products on a quarterly basis, to the extent such documents are within Wenger's possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 19**

19.     All documents sufficient to evidence all channels of commerce by which the Accused Products are sold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Wenger objects to this Request as vague and ambiguous, particularly with respect to the term "all channels of commerce."  Wenger objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including to the extent it is not bounded to the United States or as to time.  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources and/or already in SwissDigital's possession.  Wenger further objects to this Request to the extent it seeks information not in Wenger's possession, custody, or control, and to the extent it seeks documents equally or more available to SwissDigital through other sources.  Wenger objects to this Request as requesting information that should be requested directly from Group III, the company responsible for the sale of the Accused Products.

Subject to the foregoing general and specific objections, Wenger will produce relevant and non-privileged documents identifying the sellers of the Accused Products in the U.S. after February 25, 2020 to the extent that information is within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20**

20.     All documents sufficient to evidence ownership of Defendant's Trademarks used in connection with the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Wenger objects to this Request as vague and ambiguous, particularly with respect to the term "Defendant's Trademarks used in connection with the Accused Products."  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital

through other sources, including the Patent and Trademark Offices.  Wenger further objects to this Request to the extent it seeks information already in SwissDigital's possession, including as shown at Dkt. 20-3.

Subject to the foregoing general and specific objections, Wenger will produce relevant and non-privileged documents sufficient to evidence ownership of the Registered Trademark to SWISSGEAR (Reg.  No. 3769824) within its possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 21**

21.    All documents and communications concerning the marketing, advertising, or promotion of Defendant's Trademarks used in connection with the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Wenger objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks marketing, advertising, or promotional materials for products or features that are not accused in this action, and that do not relate to any claim or defense in this litigation.  Wenger objects to this request as overly broad as to time. Wenger objects to this Request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources, or already in SwissDigital's possession. Wenger objects to this Request as requesting information that should be requested directly from Group III, the company responsible for the marketing, advertising, and promotion of the Accused Products.

Subject to the foregoing general and specific objections, Wenger will produce relevant and non-privileged documents responsive to this Request regarding the Registered Trademark to SWISSGEAR (Reg.  No. 3769824) and the U.S. market after February 25, 2020 within its possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 22**

22.     All documents and communications concerning the marketing, advertising, or promotion of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Wenger objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents and communications."  Wenger also objects to this request as overly broad as to time. Wenger objects to this Request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources.  Wenger objects to this Request to the extent it seeks information not in Wenger's possession, custody, or control.  Wenger further objects to this Request as duplicative of other Requests, including Request No. 21.  Wenger objects to this Request as requesting information that should be requested directly from Group III, the company responsible for the marketing, advertising, and promotion of the Accused Products.

Subject to the foregoing general and specific objections, Wenger will produce marketing, advertising, and promotion document for the Accused Products and the U.S. market for the period after February 25, 2020to the extent such documents are within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23**

23.     All documents and communications concerning any actual or projected sales or market share of the Accused Products, including but not limited to sales strategies, market studies, market share reports, and competitive analyses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Wenger objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks "[a]ll documents and communications."  Wenger also objects to this request as overly broad as to time. Wenger objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is unbounded

in time and not limited to the United States.  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources.  Wenger further objects to this Request to the extent it seeks information not in Wenger's possession, custody, or control.  Wenger further objects to this Request as duplicative of other Requests, including Request No. 18.  Wenger objects to this Request as requesting information that should be requested directly from Group III, the company responsible for the sale of the Accused Products.

Subject to the foregoing general and specific objections, and subject to entry of a Protective Order, Wenger will produce sales and marketing documents for the Accused Products and the U.S. market for the period after February 25, 2020 to the extent such documents are within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24**

24.    All documents and communications concerning Swissdigital, Swissdigital's business, or Swissdigital's U.S. patents and/or patent applications, including but not limited to the Patents-in-Suit, the '104 application, and/or the '059 application.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Wenger objects to this Request as vague and ambiguous, particularly with respect to the term "Patents-in-Suit," which is not a defined term.  Wenger objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case.  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources, and/or already in SwissDigital's possession.  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.  Wenger objects to this Request to the extent that it seeks information already in SwissDigital's possession.  Wenger objects to this Request as duplicative of other Requests, including Request Nos. 6 and 7.

Subject to the foregoing general and specific objections, and entry of a Protective Order, Wenger will produce relevant and non-privileged documents concerning SwissDigital and/or its business to the extent such document relate to the asserted patents within its possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 25**

25.     All documents and communications shared between Defendant and its licensees, including but not limited to Group III International, Inc., concerning the Accused Products, the Patents-in-Suit, the '104 application, '059 application, and/or this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Wenger objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of the case, including to the extent that it seeks "[a]ll documents and communications." Wenger objects to this Request as vague and ambiguous, particularly with respect to the term "Patents-in-Suit," which is not a defined term.  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.  Wenger objects to this Request as duplicative of other Requests, including Request No. 4.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents between Wenger and its licensees concerning the Accused Products, to the extent such documents are relevant to the asserted patents and are within Wenger's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 26**

26.     All documents and communication[s] concerning any licensing agreements for the use  of Defendant's Trademarks with the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Wenger objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks "[a]ll documents and communications" and "any licensing agreements."  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents concnering licensing agreements for the use of the Registered Trademark to SWISSGEAR (Reg.  No. 3769824) with the Accused Products, within its possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 27**

27.    All documents and communications concerning any license considered, negotiated, or agreed to concerning the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Wenger objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of the case to the extent that it seeks "[a]ll documents and communications" and "any license considered, negotiated, or agreed to."  Wenger objects to this Request as vague and ambiguous, in particular with respect to the phrase "any license considered, negotiated, or agreed to."  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.  Wenger objects to this Request to the extent it seeks confidential information of third parties.  Wenger objects to this Request as duplicative of other Requests, including Request No. 26.  Wenger objects to this Request as requesting information that should be requested directly from Group III, the company responsible for the design, development, manufacturing, marketing, advertising, and promotion of the Accused Products.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents relating to licenses of the Registered Trademark to SWISSGEAR (Reg. No. 3769824) as used with the Accused Products within its

possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 28**

28.     All documents and communication concerning quality control of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

Wenger objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of this case, vague, and ambiguous.  Wenger objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it is unbounded in time. Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources and/or already in SwissDigital's possession. Wenger further objects to this Request to the extent it seeks information not in Wenger's possession, custody, or control, and to the extent it seeks documents equally or more available to SwissDigital through other sources.  Wenger objects to this Request to the extent it seeks confidential information of third parties.  Wenger objects to this Request as duplicative of other Requests, including Request No. 26.  Wenger objects to this Request as requesting information that should be requested directly from Group III, the company responsible for the design, development, manufacturing, marketing, advertising, and promotion of the Accused Products.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents concerning quality control of the Accused Products after February 25, 2020 within its possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 29**

29.     All documents and communications concerning or evidencing Defendant's control, supervision, or oversight of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

Wenger objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of this case, vague, and ambiguous, including with respect to the terms "control," "supervision, and "oversight."  Wenger objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it is unbounded in time.  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources.  Wenger objects to this Request to the extent it seeks confidential information of third parties.  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.  Wenger objects to this Request as duplicative of other Requests, including Request No. 28.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents concerning Wenger's control over the design and development of the Accused Products, to the extent such documents concern the accused features and are within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30**

30.    All documents and communications concerning the SWISSGEAR website at https://www.swissgear.com/.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Wenger objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of this case, vague, and ambiguous.  Wenger objects to this request as overly broad as to time. Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources.  Wenger further objects to this Request to the extent it seeks information not in Wenger's possession, custody, or control.  Wenger objects to this Request to the extent it seeks documents equally or more available to SwissDigital through other sources.  Wenger objects to this Request to the extent it seeks confidential information of third

parties.  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents and communications concerning the SWISSGEAR website dated after February 25, 2020 and relating to the Accused Products, within its possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 31**

31.     All documents Defendant intends to introduce as prior art or evidence to support claims of invalidity of the Patents-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

Wenger objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case.  Wenger objects to this request as vague and ambiguous, in particular to the extent it requests documents Wenger "intends to introduce."  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources and/or already in SwissDigital's possession, including Wenger's pleadings and filings in this case, and Wenger's Preliminary and Final Invalidity Contentions, and prior art and evidence of invalidity in SwissDigital's possession, custody, and control.  Wenger objects to this Request because it prematurely seeks expert opinions and discovery.  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents it intends to introduce as prior art or evidence to support claims of invalidity to the extent Wenger is aware of such documents, and they are within its possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 32**

32.     All documents concerning Defendant's claims of invalidity or unenforceability of any claim of the Patents-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

Wenger objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case.  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources and/or already in SwissDigital's possession, including Wenger's pleadings and filings in this case, and Wenger's Preliminary and Final Invalidity Contentions.  Wenger objects to this Request to the extent it seeks documents equally or already available to SwissDigital through other sources, including prior art and evidence of invalidity and unenforceability in SwissDigital's possession, custody, and control. Wenger objects to this Request because it prematurely seeks expert opinions and discovery. Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.  Wenger objects to this Request as duplicative of other Requests, including Request No. 31.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents it intends to rely upon regarding claims of invalidity and unenforceability within its possession, custody, or control, if any.

**REQUEST FOR PRODUCTION NO. 33**

33.     All documents concerning Defendant's claims of non-infringement of the claims of  the Patents-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

Wenger objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case.  Wenger objects to this Request because it prematurely

seeks expert opinions and discovery.  Wenger objects to this Request because it seeks documents protected by the attorney client privilege or attorney work product doctrine.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger is willing to meet and confer with SwissDigital at the appropriate time to understand what specific relevant, non-privileged information, if any, SwissDigital seeks to obtain through this Request.

### **REQUEST FOR PRODUCTION NO. 34**

34.     All documents that tend to prove or disprove the allegations in each of Wenger's Defenses in Defendant's Answer (Dkt. No. 23).

### **RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

Wenger objects to this Request because it seeks documents that are protected by the attorney-client privilege and work-product doctrine.  Wenger objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of this case, vague, and ambiguous, including with respect to the phrase "tend to prove or disprove."  Wenger objects to this request to the extent that it seeks documents that are equally or more available to SwissDigital through other sources and/or already in SwissDigital's possession, including Wenger's pleadings and filings in this case, and Wenger's Preliminary and Final Invalidity Contentions.

Subject to the foregoing general and specific objections, and the entry of a Protective Order, Wenger will produce relevant and non-privileged documents it is aware are relevant to its claims and/or defenses, in accordance with the Federal Rules, to the extent such documents are within its possession, custody, or control, if any.

Dated: September 12, 2022          */s/  Taylor N. Mauze*
                                   Taylor N. Mauze (TX Bar 24102161)
                                   tmauze@reichmanjorgensen.com

REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
7500 Rialto Boulevard, Suite 250
Austin, Texas 78735
Tel: (650) 623-1401

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7311

***Attorneys for Defendant Wenger, S.A.***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument has been served to all counsel of record who have consented to service by electronic mail on the Court's CM/ECF system on September 12, 2022.

*/s/ Taylor N. Mauze*
_____