IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SWISSDIGITAL USA CO., LTD, a Delaware company,<br><br>Plaintiff,<br>v.<br><br>WENGER, S.A., a Switzerland company,<br><br>Defendant. | MISC. ACTION NO: 22-MC-62358-RAR<br><br>**<u>NON-PARTY GROUP III INTERNATIONAL, INC. 'S REPLY MEMORANDUM RE: TRANSFER OF MOTION TO QUASH</u>** |

Non-Party Group III International, Inc. ("Group III"), a Florida company, by and through the undersigned, as required by this Court's Orders [ECF 08, 12], hereby files this Reply Brief in response to the Memorandum of Law [ECF 14] filed by Plaintiff, SwissDigital USA Co., Ltd. ("SwissDigital") and, in support thereof, states as follows:

## INTRODUCTION

In yet another display of gamesmanship over substance, SwissDigital filed its short Memorandum at 11:57PM last night, knowing that Group III could only Reply to same by 2:00PM today. Inasmuch as the SwissDigital response hardly "responded" to any arguments or case law discussion contained in Group III's Opening Brief, [ECF 13], there is little doubt that SwissDigital's Response was prepared well before midnight, yet it unreasonably sought to take unfair advantage of the time parameters set by the Court for briefing. Why would SwissDigital stoop to such tactics? The answer is easy: the law does not support their plea for a transfer, and the <u>facts</u> of the case do not support their cause. For the reasons that follow, Group III respectfully requests that this matter not be Transferred.

## STANDARD FOR TRANSFER

Aside from using buzzwords regarding what *may* constitute an "exceptional circumstance," and mischaracterizing what *may* have occurred before the Texas court, SwissDigital stops noticeably short of analyzing <u>any</u> of the case law discussing the application of the "exceptional circumstances" test. Indeed, despite Group III's heavy legal discussion of case law in its Brief, SwissDigital does not even attempt to address said jurisprudence. Instead, SwissDigital simply concludes that "Group III's interest in local resolution of its Motion to Quash is minimal." *See, e.g.,* [ECF 14, at 12]. Such a conclusion, however, defies and defeats the concept of the

"exceptional circumstances" standard of Rule 45 which seeks "to ensure that transfer was a rare event." *Procaps S.A. v. Patheon Inc.*, 2015 WL 1722481, at *4 (S. D. Fla. Apr. 15, 2015). SwissDigital's approach also forces it to mischaracterize holdings of cases it cites and what has actually occurred before the Texas court, and lands its argument in an inescapably inconsistent position. For all of the reasons that follow, SwissDigital's position must be rejected, and a Transfer must not occur.

## LEGAL ANALYSIS

I. **SwissDigital's Use Of Group III As A Sword And A Shield Shows There Are No Exceptional Circumstances.**

Up until the present dilemma it finds itself in, SwissDigital always used Group III as a shield to block Wenger's efforts to transfer the Texas case to the Southern District of Florida. To do so, SwissDigital vehemently argued that discovery from Group III was not needed, and would not be sought. Indeed, SwissDigital acknowledges in its Opposition Brief that, "throughout the underlying litigation, Swissdigital has consistently maintained that it does not need to obtain documents directly from Group III…" [ECF 14, at 10]. Now, however, after all procedural deadlines have passed for Wenger to revisit the venue transfer request of the pending litigation, SwissDigital conveniently and materially shifts its position as it now seeks to use Group III as a sword to get the discovery it forever said it would not seek. Such inconsistency should not be allowed.

As set forth more thoroughly in the pending Motion to Quash, SwissDigital intentionally sought to take tactical advantage of the well-known patentee friendly jurisdiction of the Western District of Texas when it filed suit there against the foreign entity, Wenger, S.A., a Switzerland company. Without question, and well prior to the lawsuit being filed, SwissDigital was keenly aware that Wenger was merely a licensor of Group III, a Florida company based in Broward County, and that Group III was the party that actually manufactured and sold the products SwissDigital accused of infringing. SwissDigital even acknowledges this fact in its brief. *See* [ECF 14, at 9, "Shortly before Swissdigital initiated the Texas Case, Group III's Executive Chairman and Group III's counsel participated in a Zoom meeting with Swissdigital and Wenger…"]. But, SwissDigital also knew that inclusion of Group III into the litigation would destroy its ability to forum shop into Texas. *See TC Heartland, LLC v. Kraft Foods Group Brands, LLC*, 137 S. Ct. 1514, 1517, 197 L.Ed.2d 816 (2017) (where SCOTUS sought to curb forum shopping in patent

litigation and declared that a defendant accused of infringing, *regardless of the level of allegedly infringing activity in another jurisdiction*, may <u>only</u> be sued in "the State of incorporation" wherein the accused infringer is established).

Not only was SwissDigital keenly aware of Group III's incorporation status in Florida, but, shortly after it intentionally forum shopped and filed suit in Texas, Wenger reminded SwissDigital that Wenger did not manufacture, market, or sell any of the allegedly infringing products at issue in the litigation. At every turn in the litigation, Wenger reexplained that it was merely a licensor of the SwissGear brand (*i.e.*, licensor of the registered <u>trademark</u> that was placed on the accused products), and that it was Group III who actually designed, manufactured, marketed and sold all of the products accused of infringing SwissDigital's patent in suit, and it was thus Group III that had all information and witnesses in its possession that would be needed by SwissDigital to prosecute its case. *See* [ECF 1-2, a compilation of a sampling of pleadings filed by Wenger in the Texas litigation advising SwissDigital that Group III should be included in the suit]. SwissDigital even acknowledges that "Wenger has repeatedly argued that the Disputed Discovery is not in its possession, custody, or control…" [ECF 14, at 10].

Realizing, however, that Group III's inclusion into the lawsuit would destroy its ability to maintain suit in Texas, SwissDigital even went so far as to represent and commit to the district court that it **<u>would not seek any discovery from Group III</u>** if the case was allowed to remain in Texas. SwissDigital, instead, expressly promised to base its entire case on information in Wenger's possession. *See, e.g.,* [ECF 1-5, Quotes From Swissdigital]. Indeed, in its Order denying Wenger's Motion to Transfer, the district court noted that "**SwissDigital [went] so far as to state that it will rely <u>only</u> on documents in Wenger's possession, and that <u>Group III is irrelevant</u>**." *See* [ECF 1-6, Court's Order Denying Transfer, at 9-10] [emphasis added]. The district court also noted SwissDigital's express statement on "**the record that it is <u>not relying on Group III</u> to prove its infringement case and is <u>solely relying on Wenger's documents</u>**." *Id*. [emphasis added]. Based on the foregoing commitments and representations, the district court denied Wenger's transfer request, finding, *in part*, that "**SwissDigital is <u>not relying on Group III witnesses or documents</u> to support its infringement claims against Wenger**." *Id*. [emphasis added]. And, the Federal Circuit likewise denied Wenger's mandamus request, finding, *in part*, that "**<u>SwissDigital has represented that it will rely only on sources of proof in Wenger's possession</u>**." *See* [ECF 1-8, Federal Circuit's Denial of Petition] [emphasis added].

SwissDigital now wants this Court to ignore those recorded statements, and seeks to confuse the Court of the true posture of the current discovery proceedings pending before the Texas court. In essence, SwissDigital wants Group III to be involved in the litigation when it wants things from them—such as discussions before suit and documents to prove infringement—but wants Group III to remain far away when it does not fit SwissDigital's interests — such as to forum shop into its venue of choice. SwissDigital's shifting-sands approach on the relevancy and importance of Group III demonstrates that its current pursuit of discovery is exceptional only to SwissDigital stemming from its own manipulation of its position based on the exigencies of the circumstances (*e.g.*, to forum shop into Texas versus obtaining documents from Group III). Such "exceptionality," however does not satisfy the high burden required to trigger a transfer of the Motion to Quash into Texas.

> II. **The Current Discovery Proceedings Pending *Between Wenger and SwissDigital* in Texas <u>Do Not</u> Present Exceptional Circumstances to Require Transfer. The Texas Court's Consideration and Ruling Were Limited to *Wenger*, A Non-Party in This Dispute. There is No Indication the Texas Court Made Any Ruling On or Has Even Seen The Subpoena at Issue Here.**

SwissDigital's seemingly primary argument in its Response appears to be its suggestion that a pending discovery dispute in Texas *between Wenger and SwissDigital* in and of itself presents exceptional circumstances requiring a transfer of the Motion to Quash before this Court. Such an argument is misplaced. Initially, it should be noted that the referenced discovery dispute *between Wenger and SwissDigital* concerns discovery responses that were served *3-months ago* on SwissDigital in <u>September 2022</u>, wherein Wenger *again* alerted SwissDigital that it was not in possession of the information being sought – yet, SwissDigital waited until the end of its discovery period to pursue the matter in Texas against Wenger. *See, e.g.,* [ECF 14-1, at 4-5, in Sept. 2022 "Wenger objects to the Interrogatories to the extent they seek information from the party that makes, designs, manufactures, sells, and/or offers for sale the Accused Products. Wenger does not make, design, manufacture, sell, and/or offer for sale the Accused Products, and documents regarding the same are not in Wenger's possession, custody, or control."]. This is just one of the myriad of documents in which Wenger alerted SwissDigital that Group III's documents and witnesses were needed to pursue the infringement claims were not in Wenger's control; yet, SwissDigital refused to include Group III, as it was then more important for SwissDigital (until now) to defeat Wenger's attempt to transfer the litigation to Florida at all costs.

SwissDigital has since raised the discovery dispute *with Wenger* to the Texas Court, and now uses it to suggest that its motion practice there *against Wenger* somehow presents exceptional circumstances to transfer this matter. SwissDigital's logic is flawed. First, neither Group III nor the Subpoena at issue here are at issue in the proceedings pending before the Texas Court. Indeed, although SwissDigital represents (without any corroboration) that the Texas Court suggested that SwissDigital need not withdraw the present subpoena, there is absolutely no mention or indication that the subpoena was considered, seen, or ruled upon in any respect by the Texas Court; the simple fact is that the Subpoena was not (and is not) subject to those proceedings.

Additionally, SwissDigital makes the gigantic (and unreasonable) leap to suggest that the Texas Court somehow *implicitly* decided (without the issue being before the Court) that "Swissdigital is not judicially estopped from seeking the Disputed Discovery." [ECF 14, at 7]. It makes this conclusion, *not because the concept of judicial estoppel was argued or adjudicated*, but simply because the Texas Court *ordered Wenger* to attempt to gather certain documents from Group III that it thought might be in Wenger's control. Wenger complied by sending a letter to Group III requesting the documents, and Group III responded to indicate that what was being sought largely did not exist, and could not be demanded of Group III under the parties' license agreement. This should not be surprising on any level. Wenger advised SwissDigital countless times that it did not possess the documents it would inevitably seek in the Texas litigation. Again, SwissDigital even acknowledges that "Wenger has repeatedly argued that the Disputed Discovery is not in its possession, custody, or control…" [ECF 14, at 10]. SwissDigital did not care and, instead, doubled down on its representations that it would never seek any material from Group III, said representations which were made to defeat Wenger's effort to transfer the litigation out of Texas and into Florida where Group III is located. To this end, the Texas Court's requiring SwissDigital to look *to Wenger* for the information, *rather than* directing SwissDigital to pursue the subject subpoena against Group III, is actually staying congruent with SwissDigital's representations that it would only seek information from Wenger in the litigation. Pursuing extensive discovery from Group III at this stage, however, is what is incongruent, runs afoul of SwissDigital's prior representations made to avoid losing its forum shopped venue, and is what this court will eventually consider when deciding whether the doctrine of judicial estoppel applies.

Moreover, SwissDigital conveniently glosses over the fact that the subpoena it issued to Group III is wildly broader and more encompassing than the discovery at issue in the dispute

*between Wenger and SwissDigital* in Texas; in other words, the subject matter of the discovery sought, while possibly overlapping in some respects, is not identical. Bottom line, the subpoena is not at issue before the Texas court; Group III has not been subject to any motion practice in Texas; the Texas Court is not presently, nor has it previously, adjudicated any dispute between Group III and SwissDigital; and Group III has not been compelled by the Texas court to produce any information. In other words, despite SwissDigital's empty suggestions to the contrary, there is no risk of inconsistent rulings between this Court and the Texas court on what Group III may be compelled to produce, *if anything at all*, once the issues in the Motion to Quash are adjudicated. Simply put, SwissDigital's Opposition Brief does not present any factual underpinnings required to show exceptionality—instead it only re-argues SwissDigital's disputes *with Wenger*.  No one disputes that SwissDigital's discovery disputes with Wenger belong in Texas, but the existence of that dispute does not (*and cannot*) serve as the vehicle to transfer its dispute with Group III (*a Florida entity*) to that jurisdiction. Transfer must not occur in this instance.

### III. SwissDigital's Legal Analysis on Transfer is Flawed and Falls Woefully Short of Meeting its Burden to Justify Transfer; as such, Transfer should be Denied

Although this briefing was prompted *sua sponte* by the Court, there is no question that SwissDigital, as "**the proponent** of transfer **bears the burden** of showing that [exceptional] circumstances are present" to warrant a transfer. *See, e.g., Inter-Am. Dev. Bank v. Venti S.A.*, 2016 WL 5786982, at *3 (S.D. Fla. Oct. 4, 2016) (emphasis in original). To be clear, said burden is not a light one, as transfers must remain "**a rare event**" (*Procaps S.A.*, supra), and the "**prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena–related motions.**" *Inter-Am.*, 2016 WL 5786982, at *8 (quoting Fed. R. Civ. P. 45, Advisory Committee Notes) (emphasis added). SwissDigital hardly acknowledges the standard to satisfy the exceptional circumstances test and, instead, it turns the analysis on its head by essentially positing that the "local" interests *of the Texas Court* outweigh the local interests of Group III and the Southern District of Florida. Such a view, however, is incongruent with Rule 45's Advisory Committee Notes, which explicitly state that the relevant local interests are those "of the nonparty served with the subpoena."  Holding on tightly to its faulty approach, it is no wonder SwissDigital stays far away from any legal analysis on this topic, as it would be unable to fit its flawed argument into the confines of any controlling case.

Indeed, SwissDigital only cites to two cases that address transfer of a motion related to a non-party subpoena. First, SwissDigital relies on a Southern District of Florida case for the proposition that the interests of judicial consistency, efficiency, and economy outweigh non-party Group III's "minimal interest" in local resolution of its Motion to Quash. *See The Dispatch Printing Co. v. Zuckerman*, No. 16CV80037BLOOMVALLE, 2016 WL 335753, at *3 (S.D. Fla. Jan. 27, 2016). However, the court in *Zuckerman* relied heavily on other factors to establish exceptional circumstances, namely: (i) the "persuasive evidence of the complexity and length of the underlying litigation" including 1,015 docket entries over a ten (10) year period (*contrasted against the mere 70-docket entries and 2-year pendency of the Texas litigation here*); (ii) the reality that a number of other potentially similar third party subpoenas for similar documents simultaneously existed (*a non-existent fact here*); and (iii) the fact that judicial economy was present because the underlying motion to quash was filed by the non-party in the issuing district and another motion to compel had been fully briefed in the issuing district. *Id.* at *3-4. NONE of these facts are present in the matter *sub judicie;* SwissDigital's citation of *Zuckerman* glosses past all of these clearly distinguishable facts. In fact, SwissDigital only briefly mentions *Zuckerman*, incompletely citing it for the proposition that "the interest of the nonparty in obtaining local resolution of the motion must be balanced with the interests in ensuring the efficient, fair, and orderly progress of ongoing litigation before the issuing court." [ECF 14, at 8]. Problematic, however, SwissDigital dishonestly omits the first part of the cited sentence noting what the "prime concern" of the analysis must be, said sentence which reads in its entirety (with the bolded part illustrating SwissDigital's omission):

> **And, although courts recognize that a "prime concern" is to "avoid burdens on local nonparties subject to subpoenas,"** the "interest of the nonparty...in obtaining local resolution of the motion," must be balanced with the interests in ensuring the efficient, fair, and orderly progress of ongoing litigation before the issuing court.

*Zuckerman*, 2016 WL 335753, at *3 (emphasis added). Against that backdrop is how the *Zukerman* court ruled. And, although the legal analysis and framework present must always apply, the factual disparity between *Zuckerman* and the instant matter further support the need to keep this motion in this Court, and to not transfer this matter to Texas.

The only other "transfer" case cited by SwissDigital is *Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021) for the general standard of where subpoena related motions under

Rule 45 should be filed. The *Hoog* case, however, explains that it is factually similar to *Zuckerman* (and, therefore, factually *dissimilar* to the facts here) including the "duration and complex history of the underlying civil case, the risk that the same issues raised in the subpoena at issue were likely to arise in several districts, the risk of inconsistent discovery rulings, and judicial economy and efficiency." *Id* at 517–18. The court in *Hoog* (i) recognized that the underlying litigation had been ongoing for five (5) years (again, as compared to the 2-year pendency of the Texas litigation), (ii) found it was complex class action case with 231 docket entries (again, as compared to the *di minimis* 70 docket entries in the Texas litigation), and (iii) recognized there was a currently pending motion to compel on the same exact issues in the issuing court, and such motions involved the same attorneys litigating the exact same underlying dispute. *Id.* Balanced against all of these distinguishable facts, the court in *Hoog* transferred the motion to avoid inconsistent rulings on the specific discovery issue that was already before the court. *Id* at 519. Unlike the instant matter, there is no overlapping issue of judicial estoppel present in any pending motion, nor is there a prior motion or Order before the issuing Texas court on the issue of judicial estoppel or compelling Group III. Application of *Hoog* thus further counsels towards not transferring the instant matter to Texas.[1]

**Dated: December 23, 2022.**                    Respectfully submitted,

                                                             **THE CONCEPT LAW GROUP, P.A.**
*Attorneys for Non-Party*
6400 North Andrews Avenue, Suite 500
Fort Lauderdale, Florida 33309
Telephone: 754-300-1500

By:   */s/ Darren Spielman*
       Darren Spielman (FBN: 678341)
       E-mail: DSpielman@ConceptLaw.com
       Alexander D. Brown (FBN: 752665)
       E-mail: Abrown@conceptlaw.com
       Scott D. Smiley (FBN: 678341)
       E-mail: Scott@ConceptLaw.com

---

[1] None of SwissDigital's other cited cases relate to transfer of non-party subpoena related motions. They all relate to ancillary topics that can be resolved another day, including, but not limited to, the timeliness of the Motion to Quash, the standard for judicial estoppel and the application of discovery under Rule 34 in the context of control of document in a party's possession. Those issues are not relevant to the instant transfer inquiry.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, on December 23, 2022, and that a copy of all filings are being emailed concurrently herewith to all counsel listed below.

By: */s/ Darren Spielman*
Darren Spielman

## SERVICE LIST

**Dariush Keyhani**
Keyhani LLC
1050 30th St. NW
Washington, DC 20007
(202) 748-8950
Fax: (202) 318-8958
Email: dkeyhani@keyhanillc.com
*Attorneys for Plaintiff*
*SWISSDIGITAL USA CO., LTD*

**Frances H. Stephenson**
Keyhani LLC
1050 30th St. Nw
Washington, DC 20007
(202) 748-8950
Fax: (202) 328-8958
Email: fstephenson@keyhanillc.com
*Attorneys for Plaintiff*
*SWISSDIGITAL USA CO., LTD*

**John P. Palmer**
Naman Howell Smith & Lee
P.O. Box 1470
Waco, TX 76703-1470
(254) 755-4100
Fax: (254) 754-6331
Email: palmer@namanhowell.com
*Attorneys for Plaintiff*
*SWISSDIGITAL USA CO., LTD*

**Christine E. Lehman**
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
(202) 894-7311
Fax: (650) 623-1449
Email: clehman@reichmanjorgensen.com
*Attorneys for Defendant*
*WENGER, S.A.*

**Taylor Mauze**
Reichman Jorgensen Lehman & Feldberg LLP
7500 Rialto Boulevard, Suite 250
Austin, TX 78735
(650) 623-5078
Fax: (650) 623-1449
Email: TMauze@reichmanjorgensen.com
*Attorneys for Defendant*
*WENGER, S.A.*

Lorri Lomnitzer
Florida Bar No. 37632
Lorri@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Ste. 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Fax: (561) 953-3455
*Attorney for SWISSDIGITAL USA CO., LTD*

**John A. Powell**
Naman, Howell, Smith & Lee, PLLC
400 Austin Avenue, Suite 800
P.O. Box 1470
Waco, TX 76701-1470
(254) 755-4100
Fax: 254/754-6331
Email: Powell@namanhowell.com
*Attorneys for Plaintiff*
*SWISSDIGITAL USA CO., LTD*

**Jacqueline P. Altman**
Naman Howell Smith & Lee
400 Austin Avenue, Suite 800
Waco, TX 76701
254-755-4344
Fax: 254-754-6331
Email: jaltman@namanhowell.com
*Attorneys for Plaintiff*
*SWISSDIGITAL USA CO., LTD*