**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-MC-62358-RUIZ/STRAUSS**

**SWISSDIGITAL USA CO., LTD,**

Plaintiff,

v.

**WENGER, S.A.,**

Defendant.
_________________________________/

**ORDER TRANSFERRING PROCEEDING TO WESTERN DISTRICT OF TEXAS**

THIS MATTER is before the Court on Non-Party Group III International, Inc.'s Expedited Motion to Quash Subpoena for Deposition and Document Production ("Motion to Quash") [DE 1], filed on December 15, 2022.[1] The Motion to Quash pertains to a subpoena served by Swissdigital USA Co., Ltd. ("Swissdigital"), the plaintiff in a matter pending in the Western District of Texas – Case No. 6:21-cv-00453-ADA-DTG (W.D. Tex.) ("Texas Case") – upon Group III International, Inc. ("Group III"), a Florida corporation with its principal place of business in this district. Group III is not a party to the Texas Case.

In the Motion to Quash, Group III argues that judicial estoppel should apply to bar the subject subpoena. Group III's judicial estoppel argument is premised upon representations that Swissdigital allegedly made to the district court and Federal Circuit in connection with the Texas Case. Specifically, Group III indicates that Swissdigital represented in the Texas Case that it

[1] The Motion to Quash has been referred to me in accordance with 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida. [DE 6]. The issue of whether to transfer the Motion to Quash is a non-dispositive matter. *See Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021) (collecting cases).

would not need to seek discovery from Group III in that case. Based on that alleged representation and other related representations, Group III contends that the court in the Texas Case denied a motion by the defendant in that case to transfer the case to this district. To the extent that the subject subpoena is not quashed on judicial estoppel grounds, the Motion to Quash raises various discovery objections to the subpoena, including objections based on relevance, overbreadth, and undue burden.

Due to the nature of Group III's judicial estoppel argument, which directly implicates matters that have occurred, and representations that were made, in the Texas Case, I directed Group III to file a notice indicating whether it consented to the transfer of this matter to the Western District of Texas, and if not, to file a memorandum of law addressing whether exceptional circumstances for transfer exist. [DE 8]. Under Rule 45(f) of the Federal Rules of Civil Procedure, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f); *see also Edwards v. Maxwell*, No. 16-CV-61262, 2016 WL 7413505, at *1 (S.D. Fla. Dec. 22, 2016) ("Rule 45(f) allows the court where compliance with a subpoena is required to transfer a subpoena-related motion to the issuing court in two situations: 1) when the subject of the subpoena consents, or 2) 'if the court finds exceptional circumstances.'" (citing and quoting Fed. R. Civ. P. 45(f))). "The decision whether to transfer a motion under Rule 45(f) is discretionary and may be made either on motion or *sua sponte*."[2] *Gov't Emps. Health Ass'n v. Actelion Pharms., Ltd.*, No. 2:22-MC-37, 2022 WL

---

[2] The Advisory Committee Notes to the 2013 amendments to Rule 45 state that "the proponent of transfer bears the burden of showing that [exceptional] circumstances are present." While I agree that would be true if a party files a motion to transfer, the same does not necessarily hold true when the Court *sua sponte* raises the issue of transfer based on exceptional circumstances (as the Court did here). In fact, the language of Rule 45(f) itself provides that a court "may" transfer a Rule 45

5414401, at *2 (S.D. Ohio Oct. 7, 2022) (citations omitted); *see also Edwards*, 2016 WL 7413505, at *1 (finding, *sua sponte*, that exceptional circumstances existed under Rule 45(f) for transfer).

Group III has notified the Court that it does not consent to transfer. [DE 10]. Therefore, this Court may only transfer the Motion to Quash if this Court finds that exceptional circumstances exist. Group III has filed a memorandum of law arguing that exceptional circumstances for transfer do not exist. [DE 13]. Swissdigital has filed a response [DE 14] to Group III's memorandum (arguing that exceptional circumstances do exist), and Group III has filed a reply [DE 15]. Having considered the Motion to Quash, the parties' briefing on transfer, and applicable law (including the law cited in the parties' briefing), and having reviewed the docket and various filings in the Texas Case, I find that exceptional circumstances for transfer exist.

Rule 45(f) does not define "exceptional circumstances." *Hoog*, 338 F.R.D. at 517. However, the Advisory Committee Notes to the 2013 amendments to Rule 45 provide the following guidance regarding transfer based on exceptional circumstances:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Thus, the Advisory Committee Notes "provide two examples of situations in which transfer due to exceptional circumstances is appropriate: (1) when the issuing court has already ruled on issues presented by the motion, and (2) when the same discovery issues are likely to arise in many

---

motion if the court finds exceptional circumstances, period. At any rate, even if the burden here were on Swissdigital, I find that Swissdigital has demonstrated exceptional circumstances for the reasons discussed herein.

districts." *Hoog*, 338 F.R.D. at 517.  However, this list of examples is clearly illustrative and non-exhaustive.  In other words, nothing limits "exceptional circumstances" to these two situations alone.  Indeed, the use of the term "exceptional circumstances," rather than a more-defined term, suggests a flexible standard meant to address a range of situations (even though transfer should occur relatively infrequently).

Courts have looked "to a variety of factors to determine if the judge from the issuing court is in a better position to rule on the motion due to her familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Id.* (quoting *In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F. Supp. 3d 286, 288 (D.D.C. 2015)).  "These factors include the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Id.* (quoting *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)).  While I have considered these factors, neither Rule 45 itself nor any binding case law *require* consideration of all of these factors.  Nor does any authority prevent the Court from considering other relevant circumstances.

Here, I find that exceptional circumstances exist for three reasons (at least when considered collectively).  First and foremost, as I noted in my Order [DE 8] requiring Group III to address the issue of transfer, the resolution of Group III's judicial estoppel argument in the Motion to Quash turns on representations made in the Texas Case.  Notably, the briefing that the parties have submitted on the issue of transfer elicits some disagreement regarding the context of those representations.  *Compare* [DE 14] at 10-11 & nn. 4-5 *with* [DE 15] at 3.  As I indicated in my earlier Order [DE 8], the Western District of Texas court is in the best position to evaluate the context in which the representations were made, the extent to which that court relied on those

representations in making its ruling, the extent to which the current subpoena runs contrary to those representations, and ultimately, whether judicial estoppel should prevent enforcement of the subpoena. After reviewing the parties' briefing on transfer, it is evident that the court in the Texas Case is in the best position to evaluate these issues. Moreover, a judicial estoppel argument in this context – by a non-party arguing that judicial estoppel should prevent enforcement of a subpoena based on a party's representations at a different phase of the litigation – is somewhat exceptional in and of itself. Neither party has cited any cases addressing this precise issue in this context. While that is quite possibly because no such cases exist, that only serves to emphasize that these circumstances are, indeed, unique and exceptional.

Second, while I agree with Group III that the court in the Texas Case has not already ruled on all – or perhaps any – of the exact issues presented by the Motion to Quash, it has at least addressed certain discovery issues related to the subject subpoena and the Motion to Quash. Specifically – in addition to considering and ruling on a motion to transfer the Texas case to this district (the motion in connection with which Swissdigital allegedly made the representations discussed above) – the court in the Texas Case entered a December 7, 2022 Order on Discovery Dispute (docket entry number 69 in the Texas Case), following a November 29, 2022 hearing, ruling, *inter alia*, as follows:

> [T]he Court **GRANTS** Plaintiff's requests and **ORDERS** Defendant Wenger to request documents and things from Group III pursuant to the License Agreement between Wenger and Group III. By December 1, 2022, Plaintiff shall provide Defendant with a list of specific items that Defendant is to request from Group III. Within two business days of receiving that list, the Court **ORDERS** Defendant to request such items from Group III. Defendant MUST provide to Plaintiff all materials produced to Defendant by Group III in response to Plaintiff's list.

The parties can (and apparently do) dispute the extent to which that order addressed the same issues presented by the subpoena here and the extent to which the reasoning behind that order will

dictate the outcome of the present dispute.  But, at a minimum, the court considered and ruled upon issues *related to* the subpoena and the Motion to Quash.

Third, the fact discovery deadline in the Texas Case is on January 13, 2023 – 3 weeks away.  While the subpoena was not served until November 22, 2022 (somewhat late in the discovery period, which is not the fault of Group III), transfer is necessary to avoid disrupting the Texas court's management over the underlying litigation.[3]  Notably, Group III's motion itself seeks a 30-day extension of time (to early February 2022) in the event Group III is ordered to comply with the subpoena; if granted, such an extension would interfere with the current fact discovery deadline in the Texas Case.  Again, the judicial estoppel argument being made here is one that the Texas court is in a position to consider on a more efficient and more expedited basis given its involvement in the dispute on the motion to transfer in the Texas Case.[4]  I emphasize that I reach this conclusion not on the "assumption" that the issuing court is more familiar its case – an assumption that could apply to most cases and garden variety discovery disputes.  Rather, my conclusion is based on the uniqueness of the judicial estoppel argument seeking to invoke representations made *to the Texas court* and leading to a decision *by that court*.  In other words, exceptional circumstances may not exist if the circumstances here solely involved the fast-approaching fact discovery deadline or the fact that the Texas court addressed certain discovery

---

[3] *Cf. Gov't Emps. Health Ass'n*, 2022 WL 5414401, at *2 ("Further, the November 3, 2022 discovery deadline in the Maryland litigation is fast approaching. In such circumstances, '[t]ransfer can be appropriate when it would avoid interference with a time-sensitive discovery schedule issued in the underlying action.'" (internal citations omitted)).

[4] In fact, Magistrate Judge Gilliland, who ruled on that transfer motion, will also be addressing the Motion to Quash following transfer in light of the referral order in the Texas case.  I note that my chambers has conferred with Magistrate Judge Gilliland's chambers regarding potential transfer of the Motion to Quash.  In this vein, the Advisory Committee Notes to the 2013 amendments to Rule 45 note that "Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions."

issues that are at least related to certain aspects of the Motion to Quash.  However, when these circumstances are considered with the nature of Group III's judicial estoppel argument – stated differently, when the totality of the circumstances are considered – exceptional circumstances exist.

Moreover, the foregoing exceptional circumstances outweigh Group III's interest in local resolution.  It is unclear from Group III's briefing how, if at all, transfer of this matter would impose any undue burden on Group III.  Notably, following transfer, Group III's attorneys, who are authorized to practice before this Court will be permitted to "file papers and appear on the [M]otion [to Quash] as an officer of the issuing court." Fed. R. Civ. P. 45(f).  Furthermore, as the Advisory Committee Notes to the 2013 amendments to Rule 45 note:

> If the motion is transferred, judges are encouraged to permit telecommunications methods to minimalize the burden a transfer imposes on nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending. The rule provides that if these attorneys are authorized to practice in the court where the motion is made, they may file papers and appear in the court in which the action is pending in relation to the motion as officers of that court.

For this reason, and because the discovery hearing leading to the December 7, 2022 Order on Discovery Dispute was held via video conference, it is highly likely that Group III's counsel will be able to attend any hearing on the Motion to Quash by remote means.  As such, and because Group III has failed to show that transfer would impose any undue burden, I find that any burden resulting from transfer should be minimal.  When balanced against the exceptional circumstances discussed above, transfer is appropriate.

For the foregoing reasons, it is **ORDERED and ADJUDGED** that this proceeding, including the Motion [DE 1], shall be **TRANSFERRED** to the United States District Court for the Western District of Texas.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 23rd day of December 2022.

**Jared M. Strauss**
**United States Magistrate Judge**